# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                    NEWS RELEASE #004

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **20th day of January, 2017**, are as follows:

**BY CRICHTON, J.**:

2016-C -0570      KIMBERLY AND TODD THIBODEAUX, INDIVIDUALLY AND ON BEHALF OF
                  THEIR MINOR CHILD, GABRIELLE THIBODEAUX v. JAMES F. DONNELL,
                  M.D. (Parish of Terrebonne)

                  Knoll, J, retired, participated in this decision which was argued
                  prior to her retirement.

                  For the reasons set forth below, we reverse the judgment of the
                  court of appeal and remand for the court of appeal to reconsider
                  its awards under the principles set forth in Mart. REVERSED AND
                  REMANDED.

                  WEIMER, J., dissents in part and concurs in part and assigns
                  reasons.
                  JOHNSON, C.J., concurs in part and dissents in part and
                  assigns reasons.
                  GUIDRY, J., concurs and assigns reasons.

SUPREME COURT OF LOUISIANA

NO. 2016-C-0570

KIMBERLY AND TODD THIBODEAUX, INDIVIDUALLY AND ON
BEHALF OF THEIR MINOR CHILD, GABRIELLE THIBODEAUX

VERSUS

JAMES F. DONNELL, M.D.

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FIRST CIRCUIT, PARISH OF TERREBONNE

CRICHTON, J.[1]

We granted the writ in this medical malpractice case to determine whether the court of appeal properly assessed damages under the principles set forth in *Coco v. Winston Industries Inc.*, 341 So. 2d 332 (La. 1976). We find that, because the court of appeal found manifest error in the jury's factual findings, the court should have instead performed a *de novo* review of damages under the principles outlined in *Mart v. Hill*, 505 So. 2d 1120 (La. 1987). For the reasons set forth below, we reverse the judgment of the court of appeal and remand to the court of appeal for it to reconsider its decision under the principles set forth in *Mart*.

## BACKGROUND

In 2003, plaintiff Kimberly Thibodeaux (then 37 years old), married to Todd Thibodeaux, became pregnant with her fourth child. Dr. James Donnell was her obstetrician-gynecologist throughout her pregnancy. During the course of the pregnancy, Mrs. Thibodeaux was diagnosed with complete placenta previa and, in

---

[1] Knoll, J., retired, participated in this decision which was argued prior to her retirement.

mid-November, at approximately 29 weeks pregnant, she was hospitalized for four days at Terrebonne General Medical Center ("TGMC") in Houma, for vaginal bleeding secondary to placenta previa. On November 18, upon Dr. Donnell's referral, she consulted a maternal/fetal medicine specialist who handled high risk pregnancies; the specialist recommended rest, limited activity, and delivery of Mrs. Thibodeaux's child at 36-37 weeks gestation. The next day, November 19, Mrs. Thibodeaux returned to TGMC with renewed vaginal bleeding and contractions. Dr. Donnell delivered Gabrielle Thibodeaux via cesarean section on November 20.

After the baby's delivery, Dr. Donnell was unable to remove the placenta from Mrs. Thibodeaux's lower uterine segment and encountered vigorous bleeding. As a result, Dr. Donnell performed an emergency cesarean hysterectomy, which entailed removal of plaintiff's uterus and cervix. After completing the hysterectomy, and while preparing to close the Mrs. Thibodeaux's abdomen, Dr. Donnell discovered a large laceration to her bladder.[2] At that point, Dr. Donnell considered a urologic consultation due to the size of the laceration, but he ultimately repaired it himself. Dr. Donnell testified that he made this decision because Mrs. Thibodeaux had "lost a lot of blood" and he wanted to close her abdominal wall to avoid additional blood loss.

After completing the surgery, Dr. Donnell ordered a post-operative test to determine if the bladder repair was successful. The test revealed that the bladder sutures were obstructing Mrs. Thibodeaux's ureters, the tubes that drain urine from the kidney into the bladder. This obstruction was then confirmed by a cystoscopy performed by a urologist, Dr. Robert Alexander, consulted by Dr. Donnell. The same day as the birth and cesarean hysterectomy, Dr. Alexander reopened Mrs. Thibodeaux's abdomen, removed the bladder sutures to free the ureters, and re-

---

[2] As also noted by the court of appeal, the record does not clearly establish what caused the bladder laceration. For purposes of clarity, the allegation of breach is not that Dr. Donnell created the laceration, but instead that he failed to properly repair it.

2

repaired the bladder laceration. Dr. Alexander also inserted a catheter in plaintiff's bladder and stents into her ureters to facilitate urine drainage from the kidneys to the bladder. Mrs. Thibodeaux remained hospitalized for five days.

Mrs. Thibodeaux followed up with Dr. Alexander several weeks later, and underwent separate procedures to remove the catheter and stents. Dr. Alexander testified that, at that point, her urologic system was flowing properly; the bladder was not leaking, and the ureters were functioning correctly. Mrs. Thibodeaux followed up again with Dr. Alexander in late April 2004, at which time he unsuccessfully attempted to distend her bladder. He determined her bladder had a capacity of 300-350 cubic centimeters (ccs), less than the average bladder capacity of 400-500 ccs for a person of her size.

Although her bladder healed, Mrs. Thibodeaux continued to see Dr. Alexander for three years with irritative bladder symptoms, including urinary frequency every 30-60 minutes, urgency, urine leakage, painful urination, painful sexual intercourse, urination during sexual intercourse, excessive nighttime urination, and abdominal pain. Dr. Alexander diagnosed her with interstitial cystitis, also known as painful bladder syndrome, and prescribed medications, none of which relieved plaintiff's symptoms. Mrs. Thibodeaux last saw Dr. Alexander in September 2007, when he again unsuccessfully attempted to distend her bladder. At that point, he determined her bladder had a capacity of only 250 ccs. According to Dr. Alexander, Mrs. Thibodeaux's diminished bladder capacity is permanent.

Mr. and Mrs. Thibodeaux filed a request for medical review in November 2004, but the medical review panel expired before an opinion was issued. In October 2006, the Thibodeauxs filed this medical malpractice suit against Dr. Donnell, individually, and on behalf of their child, Gabrielle. The trial court dismissed the suit as prescribed, but the court of appeal reversed, finding that the suit was timely filed. *Thibodeaux v. Donnell,* 07-1845 (La. App. 1 Cir. 9/12/08),

3

994 So. 2d 612. This Court affirmed, holding that the case was not prescribed and could go forward. 08-2436 (La. 5/5/09), 9 So. 3d 120.

The matter proceeded to a four-day jury trial in May 2014, which concluded with a verdict in favor of the Thibodeauxs. As the court of appeal noted, the expert witnesses disagreed as to whether Mrs. Thibodeaux's symptoms were caused by the failed bladder repair or by interstitial cystitis unrelated to the failed bladder repair. Dr. Alexander testified that he had not treated Mrs. Thibodeaux before November 2003, but that there was no evidence she had a history of these symptoms before that time. He also testified, however, that interstitial cystitis has no known cause and that it can occur in the absence of surgery or trauma to the bladder. On the other hand, the Thibodeauxs' expert, Dr. Fred Duboe, testified that Dr. Donnell's failed bladder repair contributed to Mrs. Thibodeaux's reduced bladder capacity and, consequently, her urinary frequency and urgency. Dr. Duboe admitted, however, that the interstitial cystitis symptoms were "not as clear."

After considering the evidence and testimony, the jury found that Dr. Donnell breached the applicable standard of care in the treatment of Mrs. Thibodeaux and that she was injured as a result of Dr. Donnell's breach of the standard of care. With respect to damages, the jury award was as follows:

**Kimberly Thibodeaux**

Physical pain and suffering (past, present, future): $0
Mental pain and suffering (past, present, future): $0
Permanent Disability: $0
Loss of enjoyment of life: $0
Medical expenses: **$60,000**

**Todd Thibodeaux**

Loss of consortium: $0

**Gabrielle Thibodeaux**

Loss of consortium: $0

**Total Damages: $60,000**

The trial court signed a judgment conforming to the jury verdict. Both parties filed motions for judgments notwithstanding the verdict, which were denied.

Plaintiffs appealed, contending that the jury abused its discretion by awarding special damages but failing to award general damages. Dr. Donnell did not appeal the verdict. The court of appeal reversed in part, first holding that there was a "reasonable factual basis in the record" to support the jury's finding of causation, specifically that (i) Dr. Donnell's failed bladder repair caused injury to Mrs. Thibodeaux, but (ii) all of Mrs. Thibodeaux's mental or physical pain and suffering, discomfort, inconvenience, and/or emotional trauma were not causally related to Dr. Donnell's malpractice. 15-0503, p.6-7 (La. App. 1 Cir. 2/24/16), 189 So. 3d 469, 475. The court of appeal then held that, because the jury found plaintiff suffered "*some* injuries" causally related to the failed bladder repair, the jury abused its discretion in failing to award plaintiff "*some* amount of general damages." *Id.*, 15-0503 p.7, 189 So. 3d at 475. The court then posed the inquiry: "The issue becomes, then, to what extent were Mrs. Thibodeaux's injuries causally related to Dr. Donnell's failed bladder repair. . ." *Id.*

Following this Court's decision in *Coco v. Winston Industries, Inc.*, 341 So. 2d 332 (La. 1977), the court of appeal noted it must determine the "lowest amount of general damages associated with those injuries reasonably within the jury's discretion." *Id.* After a review of the evidence and after analyzing the range of general damages awards for similar injuries, the court of appeal found that $50,000 was the lowest amount reasonably within the jury's discretion and consistent with the special damages award. *Id.*, 15-0503 p.11-12, 189 So. 3d at 478-79. The court of appeal also held that the jury manifestly erred in finding that Dr. Donnell's malpractice did not cause loss of consortium damages to Mr. Thibodeaux and Gabrielle. The court concluded that the evidence established that both Mr. Thibodeaux and Gabrielle suffered from Mrs. Thibodeaux's inability to

5

accompany them in recreational activities they previously enjoyed and the Thibodeaux's sex life had been impacted "both quantitatively and qualitatively." *Id.*, 15-0503 p.13, 189 So. 3d at 479-80. Based on the evidence—but "mindful that Dr. Donnell's failed bladder repair only caused some of their damages"—the court of appeal found the appropriate loss of consortium awards to be $15,000 for Mr. Thibodeaux and $5,000 for Gabrielle, the "lowest amount reasonably within the jury's discretion." *Id.*, 15-0503 p.14, 189 So. 3d at 480.

Plaintiffs filed a writ of certiorari in this Court, which was granted. 16-0570 (La. 6/3/16), 192 So. 3d 756.

## DISCUSSION

As noted above, we granted the writ in this matter to determine whether the court of appeal properly adjusted damages under the principles set forth in *Coco v. Winston Industries Inc.*, 341 So. 2d 332 (La. 1976). In *Coco*, the plaintiff filed suit against his employer, seeking damages arising from the loss of several fingers that occurred while operating a saw. The jury returned a verdict in favor of the plaintiff for $350,000, and the court of appeal, on rehearing, reduced the damage award to $140,000. *Id.* at 333-34. This Court reinstated the jury's damage award, and articulated the applicable standard of review for an appellate court seeking to disturb a damage award:

> [B]efore a Court of Appeal can disturb an award made by a trial court that the record must clearly reveal that the trier of fact abused its discretion in making its award. Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and **then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court**. It is never appropriate for a Court of Appeal, having found that the trial court has abused its discretion, simply to decide what it considers an appropriate award on the basis of the evidence.

*Id.* at 335 (emphasis added). The *Coco* Court held that the jury in that case "did not abuse its much discretion" in assessing $350,000 in damages.

6

There are several rationales for what has become known as the *Coco* Rule.[3] The first rationale is that the "trier of fact has more direct contact with the parties, the witnesses, and the evidence and thus can better evaluate the true extent of plaintiff's injury, whereas the court of appeal bases its decision solely on the written record, briefs, and oral argument." *Clement v. Frey*, 95-C-1119, 95-C-1163, p.5-6 (La. 1/16/96), 666 So. 2d 607, 610. This fundamental principle has roots in our Civil Code. *See* La. C.C. art. 2324.1 ("In the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury."). As this Court has stated, "[s]ince an award of damages for personal injuries is of necessity somewhat arbitrary and also must vary greatly with the facts and circumstances of each case, the trial court is entrusted with large discretion making such awards, which discretion should not be disturbed on appellate review." *Id.* (quoting *Gaspard v. LeMaire*, 158 So. 2d 149, 160 (La. 1963)). Two other, related, considerations influence the *Coco* Rule. First, "the trial court is in the best position to weigh the claimant's testimony." *Id.* And second, "repeated substitution by an appellate court of its own opinion as to quantum for that of the trial court, when combined with other appellate practices inherent in the Louisiana system of appellate review of law and fact, may have a demoralizing effect upon a trial judge in his assessment of his role in the judicial process." *Id.* (citing Frank L. Maraist, *Procedure,* 38 La. L. Rev. 503, 511 (1978)).

As we made clear several years after *Coco*, in *Mart v. Hill*, 505 So. 2d 1120 (La. 1987), the *Coco* Rule does not apply to every appellate review of a damages award. *Mart*, which involved an automobile accident, was tried before a commissioner, who found the plaintiff was 50% at fault. The commissioner awarded no damages for the consequences of the accident beyond a certain date,

---

[3] In their brief to the Court, plaintiffs requested that the Court overrule *Coco*. We expressly decline to do so here and reiterate its ongoing vitality in the law.

finding that the plaintiff did not prove that his surgeries and disabilities beyond that date were causally related to the accident. The commissioner recommended a total damage award of $18,760.00, which was subject to the 50% reduction. *Id.* at 1121-22. The court of appeal affirmed, but this Court reversed, finding that the lower courts were "clearly wrong" and that the plaintiff's disability was "causally related" to the accident. *Id.* at 1127-28. We expressly found the *Coco* analysis inapplicable and instead applied what was termed a "*res nova*"[4]—or *de novo*—determination of damages:

> The *Coco* principle of appellate review applies when an appellant questions the adequacy of a monetary award in a case which is ***otherwise uncomplicated by factual errors relating to the cause or duration of the plaintiff's disability***. . . . Simply stated, *Coco* applies when an appellate court is asked to correct a fact finder's abuse of discretion in assessing the appropriate monetary award for a given injury. The principles are not applicable when a [de novo] review of quantum must be made to compensate a plaintiff ***for damages which the trial court did not believe were causally related to the accident***.

*Id.* at 1128 (emphasis added). In other words, *Coco*'s highest/lowest principle does not apply when a reviewing court disturbs a jury's factual finding related to causation. *See* Frank L. Maraist, 1 La. Civ. L. Treatise, Civ. Pro. § 14:14 (2d ed.) (Nov. 2015) ("The 'much discretion' rule does not apply if there was ***error in the trial court which interdicted the damage-determining process***.") (emphasis added) (citing *Mart*).

Instead, as articulated in *Mart*, the proper standard where an appellate court disturbs the trier of fact's causation finding is the manifest error/clearly wrong standard, under which the appellate court: (i) must find from the record that there is no reasonable factual basis for the trial court's finding, and (ii) must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). 505 So. 2d at 1127. After the reviewing court finds manifest error in a

---

[4] In *Mart*, Justice Calogero used the term "*res nova*" rather than "*de novo*." Here, however, we will use the term "de novo," because it is more commonly used in Louisiana. *See* Black's Law Dictionary (10th ed. 2014), *de novo* ("Anew"); *Id.*, *res nova* ("1. An undecided question of law. 2. A case of first impression.").

trier of fact's finding, the court performs a *de novo* damages review unbound by the limitations of *Coco*.[5]

Considering these rationales, in *Wainwright v. Fontenot*, 00-0492 (La. 10/17/00), 774 So. 2d 70, the Court expounded on the principles of *Coco*. In *Wainwright*—as in the case before us—the jury returned a verdict awarding medical expenses, but declining to award general damages. The court of appeal increased the medical expense award and awarded general damages to the plaintiff. This Court reversed, reinstating the jury's medical expense award and finding that the jury did not abuse its discretion in declining to award general damages. The Court held that there is "no bright line rule at work" to define when a trier of fact's damages award is an abuse of discretion. *Id.*, 00-0492 p.9, 774 So. 2d at 75-76. That is the case even where the jury awards special damages and no general damages. *Id.* ("[I]t would be inconsistent with the great deference afforded the factfinder by this court and our jurisprudence to state that, as a matter of law, such a verdict must always be erroneous."). The *Wainwright* Court cautioned, however, that where a jury has awarded special damages but declined to award general damages, "as a general proposition," the verdict may "often" be so inconsistent as to constitute an abuse of discretion. *Id.*[6]

We now turn to the court of appeal's opinion in this case to determine the proper standard of review for an assessment of damages under these circumstances: abuse of discretion or manifest error.

---

[5] This distinction between *Coco* and *Mart* was reiterated in *Ryan v. Zurich American Insurance Co.*, 07-2312 (La. 7/1/08), 988 So. 2d 214. In *Ryan*, liability was stipulated by the defendants before trial—*i.e.*, causation was not at issue. Because *Ryan* was not complicated by causation issues, the principles annunciated in *Coco* applied to the damages review. 07-2312, p.7-8, 988 So. 2d at 219. The Court distinguished *Mart*, noting that *Ryan*, unlike *Mart*, was not a case "where a determination of the amount of damages to be awarded for that item was foreclosed by a prior determination of lack of fault or causation." *Id.*, 07-2312, p.6, 988 So. 2d at 218.

[6] In 2004, this Court considered the case *Green v. K-Mart Corp.*, 03-2495 (La. 5/25/04), 874 So. 2d 838. In *Green* the court of appeal found no error in the jury's finding that the accident caused the plaintiff's injuries—*i.e.*, causation was not at issue—and this Court affirmed that finding and proceeded to use the abuse of discretion standard to alter the damages award. For the reasons set forth herein, *Green* is therefore inapplicable to the present case.

*Causation and General Damages Findings Related to Mrs. Thibodeaux*

In setting forth the jury's finding of fact regarding Mrs. Thibodeaux's injuries, the jury verdict form read as follows:

> **INTERROGATORY NO. 1:** Do you find by a preponderance of the evidence that Dr. James Donnell breached the applicable standard of care in the treatment of Kimberly Thibodeaux?
>
> Yes _X_          No ____
>
> **INTERROGATORY NO. 2:** Do you find by a preponderance of the evidence that Kimberly Thibodeaux was injured as a result of a breach of the applicable standard of care by the defendant?
>
> Yes _X_          No ____

The only remaining finding from the jury related to Mrs. Thibodeaux was the damages allocation; there was no additional finding related to causation. The court of appeal initially stated that it found a "reasonable factual basis in the record" to support the jury's causation findings and applied the abuse of discretion standard and *Coco* to its review of damages. However, after a review of the court of appeal's reasoning, we now hold that the court of appeal disturbed those findings in several significant ways.

First, the court of appeal states that the jury's award of "only $60,000 in medical expenses *suggests* that the jury did not believe that *all* of Mrs. Thibodeaux's mental or physical pain and suffering, [etc.] were causally related to Dr. Donnell's medical malpractice." 15-0503, p.6-7, 189 So. 3d at 475 (emphasis added). But the words "suggests" and "all" indicate that the court of appeal is reading information into the verdict form that simply is not present. Second, the court of appeal held that, because the jury found Mrs. Thibodeaux suffered "*some* injuries" causally related to the failed bladder repair, the jury abused its discretion in failing to award plaintiff "*some* amount of general damages." *Id.* (emphasis in original). But again, the verdict form does not make this clear. Instead, after finding the breach of the standard of care in the answer to the first question, the

jury seems to have assessed causation—without making any express allocation of the extent of causation—to Dr. Donnell. Third, and relatedly, the court of appeal endeavored to determine the "**extent**" to which Mrs. Thibodeaux's damages were "causally related" to the failed bladder repair, even though "extent" was not a finding made by the jury at all. *Id.* ("The issue becomes, then, to what extent were Mrs. Thibodeaux's injuries causally related to Dr. Donnell's failed bladder repair.").

Our review of the court of appeal's analysis leads to the conclusion that, by reading information regarding the scope or extent of causation into the verdict form, the court of appeal altered the jury's causation finding where the jury was silent.[7] Accordingly, despite stating it found a reasonable factual basis for the jury's determination, the court of appeal actually found the jury's factual determination to lack a reasonable factual basis and to be clearly wrong. *Mart*, 505 So. 2d at 1127. Though the court of appeal couched its review as abuse of discretion, the court of appeal's actions in disturbing and adjusting the jury's findings make clear that the court of appeal actually found manifest error—or, in Professor Maraist's articulation, an error "which interdicted the damage-determining process." 1 La. Civ. L. Treatise, Civ. Pro. § 14:14.[8] As explained above, after a reviewing court finds manifest error in a trier of fact's finding, that court should perform a *de novo* damages review as articulated in *Mart*, unbound by the highest/lowest limitations of the *Coco* Rule. *Mart*, 505 So. 2d at 1128-29.

---

[7] This error by the court of appeal is unsurprising, because the court of appeal was forced to interpret a verdict form that does not adequately address the complex factual issues presented in the case. We observe here that a verdict form with more information could have assisted the appellate court (and this Court) in interpreting the issues presented by this case. In any event, we recognize that this issue is not before us, as Dr. Donnell did not appeal the verdict, nor did he file a writ application here.

[8] The dissent argues that the jury did in fact address the extent of the injury, because the jury awarded no general damages to Mrs. Thibodeaux. But this interpretation of the verdict form falls into the trap of extrapolating *causation* from the jury's *damages* finding—exactly the mistake made by the court of appeal here.

11

The court of appeal therefore erred by limiting its award for Mrs. Thibodeaux to "the lowest amount reasonably within the jury's discretion and consistent with the special damages award" pursuant to *Coco*. 15-0503, p.11, 189 So. 3d at 478.[9] Because the court of appeal adjusted the jury's causation finding, thereby interdicting the damage-determining process, the court of appeal should have reviewed damages *de novo*, as set forth in *Mart*, in order to compensate Mrs. Thibodeaux for "damages which the [jury] did not believe were causally related to the accident." *Mart*, 505 So. 2d at 1128-29.

### *Loss of Consortium Claim Findings*

With respect to the loss of consortium, service, and society damages claimed by Mr. Thibodeaux and the minor child, the court of appeal examined the jury verdict form, noting that, in its answers on the verdict form, the jury found that Dr. Donnell's breach of the applicable standard of care *did* cause injury to Mrs. Thibodeaux, but that his breach *did not* cause a loss of consortium to Mr. Thibodeaux or the child. 15-0503, p.12-13, 189 So. 3d at 479. But after performing its own review of the medical and lay evidence in the case, the court of appeal reversed that finding, holding that the "jury **manifestly erred** in finding that Dr. Donnell's failed bladder repair caused no damages" to the husband and child. *Id.* (emphasis added). The court of appeal then determined the "appropriate award" for damages under these circumstances was $15,000 for Mr. Thibodeaux and $5,000 for the minor child, by comparing the result to other cases and finding this amount to be "the lowest amount reasonably within the jury's discretion." *Id.*, 15-0503, p.14, 189 So. 3d at 480.

---

[9] The court of appeal also erred in stating that "[a] trier of fact abuses its discretion in failing to award general damages when it finds that a plaintiff has suffered injuries causally related to the accident that required medical attention." 15-0503, p.6-7, 189 So. 3d at 475. As noted above— and as the court of appeal acknowledges yet then ignores—*Wainwright* expressly declined to draw such a bright line rule. *Wainwright*, 00-0492 p.9, 774 So. 2d at 75-76.

The court of appeal correctly recognized that manifest error review applied to the loss of consortium claims, because it adjusted the jury's factual findings. *Mart*, 505 So. 2d at 1128. However, the court of appeal failed to recognize the implication of that holding. As explained above, after finding manifest error, the court of appeal should have performed a *de novo* review in accordance with *Mart*, unbound by the highest/lowest limitations of the *Coco* Rule. *Id.* at 1128-29.

## CONCLUSION

The *Coco* Rule applies when the reviewing court determines that the trier of fact abused its discretion when assessing damages. The *Mart* Rule, on the other hand, applies when the reviewing court determines that there was error in the jury's factual findings and such error interdicted the damage-determining process. Here, despite saying that there was a reasonable factual basis for the findings, the court of appeal found error in the jury's findings with respect to Mrs. Thibodeaux's general damages. With respect to the loss of consortium claims, the court of appeal properly found manifest error, but then erroneously assessed damages using the *Coco* principle. In both of these scenarios, an entirely *de novo* review under *Mart* was required, rather than a limited damages review under *Coco*.

## DECREE

Because the court of appeal adjusted the jury's factual findings, such that it plainly found "error" in the jury verdict, the court should have performed a *de novo* review of damages under the principles outlined in *Mart v. Hill*, 505 So. 2d 1120 (La. 1987), unrestricted by the limitations set forth in *Coco*. For the reasons set forth below, we reverse the judgment of the court of appeal and remand for the court of appeal to reconsider its awards under the principles set forth in *Mart*.

**REVERSED AND REMANDED.**

13

**SUPREME COURT OF LOUISIANA**

**NO. 2016-C-0570**

**KIMBERLY AND TODD THIBODEAUX, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD, GABRIELLE THIBODEAUX**

**VERSUS**

**JAMES F. DONNELL, M.D.**

*ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, FIRST CIRCUIT, PARISH OF TERREBONNE*

**WEIMER, J.**, dissenting in part and concurring in part.

In answering the interrogatories, the jury in this medical malpractice case determined that defendant breached the applicable standard of care in his treatment of Mrs. Thibodeaux and that the breach caused Mrs. Thibodeaux to sustain injury, but not her husband or minor child.   When asked to determine the amount of money that would "fully and fairly compensate" Mrs. Thibodeaux for the damage sustained as a result of defendant's breach of the applicable standard of care, the jury awarded special damages for Mrs. Thibodeaux's medical expenses, but declined to award general damages.   On appeal, the court of appeal determined that the jury's finding that Mrs. Thibodeaux was entitled to an award of special damages, but no general damages was, under the facts, so inconsistent as to constitute an abuse of its much discretion.  **Thibodeaux v. Donnell**, 15-0503, p. 7 (La.App. 1 Cir. 2/24/16), 189 So.3d 469, 475.   Given its determination that the jury's failure to award general damages was an abuse of discretion, the court of appeal then proceeded to fix an award of general damages calculated as "the lowest amount within the jury's discretion and consistent with the special damages award," in accordance with this court's directive in **Coco v. Winston Industries, Inc.**, 341 So.2d 332, 335 (La. 1976)

("Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the [damage] award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court."). **Thibodeaux**, 15-0503 at 11, 189 So.3d at 478. Because this approach seemed to conflict with the result in **Green v. K-Mart Corp.**, 03-2495 (La. 5/25/04), 874 So.2d 838 (a case in which this court found an abuse of discretion in the jury's failure to award general damages despite awarding a substantial amount for past and future medical expenses, and then affirmed the court of appeal's *de novo* assessment of damages unconstrained by **Coco**'s high/low limitations), we granted[1] this writ "to determine whether the court of appeal properly assessed damages under the principles set forth in **Coco v. Winston Industries, Inc.**." **Thibodeaux v. Donnell**, 16-0570 (La. __/__/2016), slip op. at 1.

The issue we granted the writ to resolve is relatively straightforward. Unfortunately, the majority's resolution of that issue is not as straightforward.

After describing the competing approaches to appellate review of damages set forth in **Coco** and **Mart v. Hill**, 505 So.2d 1120 (La. 1987), the majority re-frames the issue this court granted the writ to address as whether "the proper standard of review for an assessment of damages under [the] circumstances [of this case] is abuse of discretion or manifest error." **Thibodeaux**, slip op. at 9. However, this court previously answered that question, and it did so in cases discussed but ultimately dismissed by the majority as being inapplicable here.

---

[1] **Thibodeaux v. Donnell**, 16-0570 (La. 6/3/16), 192 So.3d 756.

2

In **Wainwright v. Fontenot**, 00-0492 (La. 10/17/00), 774 So.2d 70, this court was "faced with the somewhat anomalous situation in which a jury has determined that the defendant is both legally at fault for the plaintiff's injuries and liable to him for his medical expenses incurred, yet has declined to make any award at all for general damages, *i.e.*, pain and suffering,"–the precise situation presented in this case. *Id.*, 00-0492 at 6, 774 So.2d at 74. Therein, the court reasoned:

> [A] jury, in the exercise of its discretion as factfinder, can reasonably reach the conclusion that a plaintiff has proven his entitlement to recovery of certain medical costs, yet failed to prove that he endured compensable pain and suffering as a result of defendant's fault. It may often be the case that such a verdict may not withstand review under the abuse of discretion standard. However, it would be inconsistent with the great deference afforded the factfinder by this court and our jurisprudence to state that, as a matter of law, such a verdict must always be erroneous. **Rather, a reviewing court faced with a verdict such as the one before us must ask whether the jury's determination that plaintiff is entitled to certain medical expenses but not to general damages is so inconsistent as to constitute an abuse of discretion. Only after the reviewing court determines that the factfinder has abused its much discretion can that court conduct a *de novo* review of the record.**

**Wainwright**, 00-0492 at 8-9, 774 So.2d at 76 (emphasis added). The **Wainwright** decision is not an outlier. Rather, it was followed by **Green v. K-Mart Corp.**, *supra*, which affirmed that the standard of review in a case such as this one is abuse of discretion. *Id.*, 03-2495 at 7, 874 So.2d at 843-44 ("When, as here, the jury has awarded special damages but has declined to award general damages, the reviewing court must determine whether the jury's finding 'is so inconsistent as to constitute an abuse of discretion.' **Wainwright**, 00-0492 at 8-9, 774 So.2d at 76. If so, only then can the reviewing court perform a *de novo* review of the record. *Id.*").

Rather than adhere to the abuse of discretion standard of review dictated by **Wainwright** and **Green**, the majority recasts the issue as one involving the jury's "causation" or liability determination, thereby avoiding the deference due the jury's

3

assessment of damages entirely. By tying the jury's award of damages to the liability determination, the majority errs both legally and factually.

In a negligence action, the plaintiff bears the burden of proving fault, causation, and damages. **Wainwright**, 00-0492 at 5, 774 So.2d at 74. In reviewing an award of damages, the court of appeal does not necessarily disturb the determinations of fault and causation, as the majority here implies. Rather, as we have explained, the jury's determinations of fault and causation establish liability, and liability implies some damage, but not specifically which damage or how much. See **Hall v. Brookshire Bros., Ltd.**, 02-2404, 02-2421, p. 11-12 (La. 6/27/03), 848 So.2d 559, 567. Having proven the defendant's fault caused damage, a plaintiff must further prove what damage, by kind and seriousness, was caused by defendant's fault. *Id.*

In this case, the majority looks to the interrogatories submitted to the jury and essentially concludes that the jury made no finding as to this latter determination–the extent to which Mrs. Thibodeaux's damages were causally related to the bladder repair–and that in order to reach that determination, the court must re-visit the liability determination (the fault and causation interrogatories). See **Thibodeaux**, slip op. at 10-11. In short, the majority reasons that, because there was no separate interrogatory expressly addressing the "scope or extent of causation," any alteration of the jury award of damages necessarily entails alteration of the liability or "causation" determination. *Id.* at 11. Otherwise, the majority seems to imply that the verdict form, as written, allocates to defendant liability for *all* of the damages claimed by Mrs. Thibodeaux, an allocation that is belied by the failure of the jury to award any amounts for, by way of example, permanent disability (which Mrs.

4

Thibodeaux asked for, but which the jury did not award). See **Thibodeaux**, slip op. at 4.

The problem with the majority's analysis is that it overlooks the fact that there was a line (in fact there were several lines) on the verdict form in which the jury was asked to resolve the precise question regarding the "scope or extent" of the injuries sustained by Mrs. Thibodeaux that the majority suggests was overlooked.[2] Those lines appear in Interrogatory No. 5, which asked: "What amounts of money would fully and fairly compensate Kimberly Thibodeaux, Todd Thibodeaux and Gabrielle Thibodeaux for the damages they sustained as a result of the breach of the applicable standard of care?" This interrogatory, and the answers thereto, represent the jury's determination as to the scope and extent of the damages sustained by Mrs. Thibodeaux as a consequence of defendant's breach of the applicable standard of care. It is this "mixed factual-legal determination by the jury (that the tort victim is entitled to reasonable medical expenses for immediate medical consultation and treatment, but not for the further treatment or for general damages) [that] is entitled to great deference," under the abuse of discretion standard of review announced in **Wainwright**. See, **Wainwright**, 00-0492 at 1, 774 So.2d at 78 (Lemmon, J., subscribing to the opinion and assigning additional reasons).

Thus, I respectfully disagree with the majority's determination that the standard of review in this case (insofar as the award of damages to Mrs. Thibodeaux is concerned) is manifest error. I believe, consistent with **Wainwright** and **Green**, that in this case in which the jury has awarded special damages but declined to award

---

[2] While I agree with the majority's assessment that a more detailed verdict form would have made the analysis in this case easier, I do not find that the absence of a more detailed version inhibits our review to the extent the majority suggests.

5

general damages, it is the task of the reviewing court to determine whether the jury's finding "is so inconsistent as to constitute an abuse of discretion." See **Wainwright**, 00-0492 at 8, 774 So.2d at 76.

In this regard, and as **Wainwright** notes, it is plaintiff's burden to affirmatively establish, by a preponderance of the evidence, that plaintiff (in this case, Mrs. Thibodeaux) is entitled to general damages for pain and suffering. See *Id.*, 00-0492 at 10, 774 So.2d at 77. On review, the proper inquiry is whether there was evidence in the record from which the jury could reasonably conclude that defendant's bladder repair, which required treatment in the form of a second surgery to remove the errant sutures, resulted in no compensable pain and suffering. As the court of appeal notes, the evidence on this point does not support such a finding. That evidence establishes that after completing the surgery, successfully delivering Mrs. Thibodeaux's daughter, and stanching her profuse bleeding by means of the emergency (and life-saving) hysterectomy, defendant ordered a post-operative intravenous pyelogram (IVP) to determine if the bladder repair was successful. During the three to four-hour period in which the test results were pending, Mrs. Thibodeaux, who was producing little urine, experienced severe abdominal pain. When the test results revealed that the bladder sutures were obstructing Mrs. Thibodeaux's ureters, defendant consulted urologist Dr. Robert Alexander, who, after confirming the obstruction, re-opened Mrs. Thibodeaux's bladder, removed defendant's sutures, and repaired the bladder laceration, removing some dead tissue from the bladder in the process. Dr. Alexander inserted stents into Mrs. Thibodeaux's ureters and a suprapubic catheter into her bladder to facilitate urine drainage. Mrs. Thibodeaux remained hospitalized for five days. The catheter was

6

removed by Dr. Alexander in a follow-up visit on December 9, 2003.[3]  The removal of the stents followed shortly thereafter, on December 17, 2003.

Mindful of **Wainwright**'s reluctance to adopt a bright line rule regarding when a jury's award of medical expenses but no general damages will be so inconsistent as to constitute an abuse of discretion,[4] I nevertheless agree with the court of appeal's assessment that, under the particular facts of this case, where the jury determined through its award of medical expenses totaling $60,000 that Mrs. Thibodeaux suffered injuries causally related to the bladder repair that necessitated medical treatment, and where the evidence establishes that medical treatment caused Mrs. Thibodeaux to endure some degree of pain and suffering, the failure to award general damages was an abuse of discretion.

Given this conclusion, the question that presents itself is the one this court granted writs to resolve: whether, after finding an abuse of discretion in the jury's failure to award general damages, the appellate court, in reviewing the evidence and rendering an appropriate award, is nevertheless constrained by the principles of deference announced in **Coco** to the lowest amount of general damages associated with those injuries reasonably within the jury's discretion.  I find that **Coco** is directly applicable here.  This court's decisions in **Wainwright** and **Green** firmly establish that, in a case such as this one, where the jury has determined that the defendant is both legally at fault for the plaintiff's injuries and liable for medical expenses incurred, yet has declined to make any award at all for general damages, the standard of review is abuse of discretion.  Since correction of the damage award

---

[3]  The surgery itself was performed on November 20, 2003.

[4]  See **Wainwright**, 00-0492 at 8-9, 774 So.2d at 76-77.

is based on finding an abuse of discretion, under **Coco**, the reviewing court is necessarily limited to raising the inadequate general damage award to the lowest amount reasonably within the jury's discretion, because, as this court cautioned in **Coco**: "It is never appropriate for a Court of Appeal, having found that the trial court has abused its discretion, simply to decide what it considers an appropriate award on the basis of the evidence." **Coco**, 341 So.2d at 335.[5]

As a result, and based on the foregoing, I respectfully disagree with the majority's determination that the court of appeal erred in its review and award of general damages to Mrs. Thibodeaux. For the reasons expressed above, I believe the court of appeal properly assessed the award of general damages under the principles set forth in **Coco**.

However, while disagreeing with the majority as to the general damage award, I agree with the majority's conclusion regarding the court of appeal's review of the claims for loss of consortium.[6] As the majority notes, in its answers to the

---

[5] Admittedly, there is loose language in both **Wainwright** and **Green** that might suggest the opposite conclusion. However, **Wainwright**'s reference to a *de novo* review ("[o]nly after the reviewing court determines that the factfinder has abused its much discretion can that court conduct a *de novo* review of the record") was clear *dicta*, as the court did not find an abuse of discretion on the jury's part and, thus, did not find it necessary to assess damages. **Wainwright**, 00-0492 at 8-9, 774 So.2d at 76. To the extent that the court's decision in **Green** to affirm the court of appeal's *de novo* assessment of general damages unconstrained by **Coco** rather than remand for a new damage determination consistent with **Coco**'s limitations might suggest that **Coco** does not apply once an abuse of discretion is found, I believe that such a suggestion is unwarranted. See *id.*, 03-2495 at 8, 874 So.2d at 844. There is no indication that the court of appeal's failure to apply **Coco** in its *de novo* review and award of general damages in **Green** was assigned as error or raised as an issue before this court; therefore, the precedential value of this court's decision simply affirming the court of appeal's damage award is questionable. The court certainly did not address the issue directly.

[6] I agree with the majority's conclusion only insofar as it finds that once the court of appeal found legal error in the jury's conclusion that defendant's actions did not cause Mr. Thibodeaux or daughter Gabrielle to suffer a loss of consortium, the assessment of damages was not constrained by **Coco**. I do not necessarily agree with the majority that the jury erred in finding that no loss of consortium was proved in the first instance. However, the court of appeal so found, and defendant did not apply to this court for a writ. As a result, this court cannot alter the court of appeal's liability determination to favor defendant.

interrogatories on the verdict form, the jury specifically found that defendant's breach of the applicable standard of care *did* cause injury to Mrs. Thibodeaux, but that it *did not* cause a loss of consortium to either Mr. Thibodeaux or daughter Gabrielle. In other words, the jury determined that the loss of consortium claims were not causally related to the bladder repair. Under these circumstances, and as explained in **Mart v. Hill**, the court of appeal, upon finding manifest error in the jury's failure to award damages for the loss of consortium claims, was not constrained by **Coco** in its *res nova* award of damages. See **Mart**, 505 So.2d at 1128 ("**Coco** applies when an appellate court is asked to correct a fact finder's abuse of discretion in assessing the appropriate monetary award for a given injury. The principles are not applicable when a res nova review of quantum must be made to compensate a plaintiff for damages which the trial court did not believe were causally related to the accident.").

While I agree with the majority's determination that the court of appeal erred in assessing damages for the loss of consortium claims of Mrs. Thibodeaux's husband and daughter according to the principles of **Coco**, I respectfully disagree with its decision to remand this case to the court of appeal for the purpose of having that court reconsider its awards. It is a long-standing precept of this court that "[w]here a finding of fact is interdicted because of some legal error implicit in the fact finding process or when a mistake of law forecloses any finding of fact, and where the record is otherwise complete, the appellate court should, if it can, render judgment on the record." See **Ragas v. Argonaut Southwest Ins. Co.**, 388 So.2d 707, 708 (La. 1980); See also, **Gonzales v. Xerox Corporation**, 320 So.2d 163, 165-66 (La. 1975). The majority offers no explanation for why it is appropriate to deviate from this practice in the present case.

9

This court has before it a complete record. That record fully supports the jury's determination, evidenced by its decision to award medical expenses but no general and no permanent disability damages to Mrs. Thibodeaux, that defendant is not responsible for all of the problems from which Mrs. Thibodeaux suffers.

Dr. Alexander, Mrs. Thibodeaux's treating urologist, testified that when he freed her ureters from the sutures, they were intact. He placed stents in the ureters to shore them up, as a kind of safety net in case there was some minimal undetected damage, and inserted a suprapubic catheter as an additional precaution. The surgery was performed on November 20, 2003. Mrs. Thibodeaux returned to Dr. Alexander in December 2003, and, over two visits, he successfully removed the catheter and stents. A cystoscopy performed at the time revealed that Mrs. Thibodeaux had a reduced bladder capacity, but the bladder and ureters were functioning properly.

Unfortunately, Mrs. Thibodeaux developed irritative bladder symptoms (including having to urinate every 30 to 60 minutes). In April 2004, Dr. Alexander performed another cystoscopy in which he noted the presence of scar tissue, but observed that the ureters were normal and unobstructed. At this time, Dr. Alexander attempted to distend the bladder in hopes of providing relief from the symptoms of urinary frequency and pressure. It was on this examination that Dr. Alexander diagnosed Mrs. Thibodeaux with interstitial cystitis, a condition of the bladder lining characterized by symptoms such as excessive urinary frequency, pain related to bladder fullness, and painful intercourse. While he prescribed medications to alleviate the symptoms, none proved to be effective. It was the treating physician, Dr. Alexander's, opinion that the interstitial cystitis is unrelated to the bladder repair.

10

Plaintiffs' expert witness was ob/gyn Dr. Fred Duboe. Dr. Duboe opined that defendant's error in blocking the ureters with sutures necessitated a second surgery, produced some devascularized tissue which had to be extracted and resulted in scar tissue and a reduced bladder size. While Dr. Duboe opined that Mrs. Thibodeaux's reduced bladder size and symptoms of urinary frequency were related to the bladder repair, as to her interstitial cystitis, the connection "was not as clear."

Given the foregoing, there is ample record evidence to support the determination that the more significant and long term problems from which Mrs. Thibodeaux suffers are not related to the bladder repair, but to her subsequent diagnosis of interstitial cystitis. Accordingly, any loss of consortium, service and society experienced by Mr. Thibodeaux and daughter Gabrielle is logically and necessarily limited to losses sustained prior to the diagnosis of that interstitial cystitis. After reviewing the record *de novo*, and being constrained by the fact that defendant did not apply for relief in this court and, thus, cannot obtain a more favorable verdict,[7] I would simply affirm the amounts awarded by the court of appeal for loss of consortium, as I believe those amounts more than fully compensate Mr. Thibodeaux and Gabrielle for the limited losses they sustained.

Thus, I respectfully dissent from the majority's ruling in this case.

Finally, in doing so, I note as an aside that, if we were not constrained in our review by the fact that defendant did not apply for relief in this court, I would be hard pressed to find that defendant deviated from the appropriate standard of care in his treatment of Mrs. Thibodeaux. Certainly, the jury was not convinced of such,

---

[7] See **Granger v. Christus Health Central Louisiana**, 12-1892, p. 47 (La. 6/28/13), 144 So.3d 736, 770 ("When a writ of certiorari or review is granted at the instance of one of the parties to a suit, to consider a complaint of a judgment of the court of appeal, an opposing party to the suit, who has not applied for writ of review, cannot have the judgment amended for his benefit.")

as the verdict in this case well could be a classic compromise verdict–one in which sympathy for Mrs. Thibodeaux's plight compelled the jury to award her medical expenses, but no general damages, precisely because the jury was not convinced that defendant was responsible for her injuries.[8] Indeed, it is unlikely the jury, having found liability, simply overlooked the obvious lines on the verdict form relative to general damages. Furthermore, the evidence in this case strongly supports the conclusion that defendant was not negligent, but responded appropriately given the difficult circumstances presented. When a party does not appeal a jury verdict or apply for writs in this court, we are constrained from altering the jury verdict in a manner favorable to him.[9] However, a party may argue in defense of a claim–that the amounts awarded by the court of appeal should not be increased–any record facts that support such a conclusion. **Roger v. Estate of Moulton**, 513 So.2d 1126, 1136 (on reh'g) ("A party who is satisfied with a judgment, and who does not file a notice of appeal or a petition for review, is, nevertheless, a party to the appeal or review whose arguments must be heard, and in support of the judgment in his favor he may present any argument supported by the record, whether it was ignored, or flatly rejected, by the court below.").

---

[8] Interestingly, at a hearing on the cross-motions for JNOV filed by the parties, the trial judge acknowledged having had a discussion with one juror who had indicated the jury wanted to exonerate defendant, but still award plaintiff's medical expenses. However, as the trial judge explained, there was no formal record made on this point and there is no indication how many jurors felt that way.

[9] See **Granger**, 12-1892 at 47, 144 So.3d at 770.

12

# SUPREME COURT OF LOUISIANA

# NO. 2016-C-0570

## KIMBERLY AND TODD THIBODEAUX, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD, GABRIELLE THIBODEAUX

## VERSUS

## JAMES F. DONNELL, M.D.

## ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, FIRST CIRCUIT, PARISH OF TERREBONE

**JOHNSON, C.J.,** concurs in part, dissents in part, and assigns reasons.

I respectfully dissent from the majority's finding that the court of appeal erred in its review and award of general damages to Mrs. Thibodeaux. I find the majority opinion creates confusion by failing to apply the clear principles set forth by this court in *Wainwright v. Fontenot*, 00-0492 (La. 10/17/00), 774 So. 2d 70 and *Green v. K-Mart Corp.*, 03-2495 (La. 5/25/04), 874 So. 2d 838, wherein this court has directly addressed the proper standard of review for assessment of damages in cases such as this one.

In *Wainwright*, this court explained that when faced with a verdict in which a jury determined that the defendant is both legally at fault for the plaintiff's injuries and liable for his medical expenses, yet has declined to award general damages, the reviewing court "must ask whether the jury's determination that plaintiff is entitled to certain medical expenses but not to general damages is so inconsistent as to constitute an **abuse of discretion**. Only after the reviewing court determines that the factfinder has **abused its much discretion** can that court conduct a de novo review of the record." 774 So. 2d at 76. (Emphasis added). This court again applied the same principle in *Green* ("When, as here, the jury has awarded special damages but has

declined to award general damages, the reviewing court must determine whether the jury's finding is so inconsistent as to constitute an ***abuse of discretion***. If so, only then can the reviewing court perform a de novo review of the record.") 874 So. 2d at 843-844. Thus, this court must determine whether the jury's finding in this particular case "is so inconsistent as to constitute an abuse of discretion."

After review of the record, I find the court of appeal correctly determined that the jury abused its discretion in failing to award general damages while awarding a substantial amount for past and future medical expenses. In this case, the jury determined through its award of all of Mrs. Thibodeaux's medical expenses that plaintiff suffered injuries causally related to the accident which required medical attention, and is still suffering an injury that will require medical attention in the future. Further, the evidence establishes that the medical treatment caused Mrs. Thibodeaux pain and suffering. I find failing to make a general damage award in such circumstances was an abuse of discretion.

Additionally, to the extent the failure to award general damages is an ***abuse of discretion***, as opposed to an error of fact or law, review and correction of the damage award is limited by the principles stated by this court in *Coco v. Winston Industries, Inc.,* 341 So. 2d 332, 335 (La. 1976) (i.e., the reviewing court is limited to raising the inadequate general damage award to the lowest amount reasonably within the jury's discretion), rather than a de novo determination of damages as contemplated in *Mart v. Hill*, 505 So. 2d 1120 (La. 1987). In this case, the court of appeal determined the jury's finding that Mrs. Thibodeaux was entitled to an award of special damages, but no general damages was, under the facts, so inconsistent as to constitute an abuse of its much discretion. *Thibodeaux v. Donnell*, 15-0503 (La. App. 1 Cir. 2/24/16), 189 So. 3d 469, 475. Given that determination, the court of

2

appeal then correctly proceeded to fix an award of general damages calculated as "the lowest amount within the jury's discretion and consistent with the special damages award," in accordance with this court's holding in *Coco*. *Thibodeaux*, 189 So. 3d at 478.

Therefore, consistent with *Wainwright* and *Green*, I find that in this case where the jury awarded special damages but declined to award general damages, it is the task of the reviewing court to determine whether the jury's finding "is so inconsistent as to constitute an abuse of discretion." Because such a finding was made in this case, I find the court of appeal properly assessed the award of general damages under the principles set forth in *Coco*. Thus, I would affirm the court of appeal's decision on this issue.

Finally, relative to loss of consortium damages, I agree with the majority that because the court of appeal found the jury manifestly erred in failing to award loss of consortium damages, the court of appeal was not constrained by the award parameters set forth in *Coco*. However, I dissent from the majority's holding to the extent the case is remanded to the court of appeal to reconsider its award on this issue. Considering the record before us, I find it is sufficient for this court to render judgment. Based on de novo review of the record relative to this issue, I would affirm the amounts awarded by the court of appeal for loss of consortium rather than remand this case to the court of appeal to reconsider that award.

3

SUPREME COURT OF LOUISIANA

NO. 2016-C-0570

KIMBERLY AND TODD THIBODEAUX, INDIVIDUALLY AND ON
BEHALF OF THEIR MINOR CHILD, GABRIELLE THIBODEAUX

VERSUS

JAMES F. DONNELL, M.D.

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FIRST CIRCUIT, PARISH OF TERREBONE

**GUIDRY, J., concurs in the result and assigns reasons.**

I concur in the result of the majority decision. However, I write separately to express my concern that the majority opinion creates a standard that could lend itself to inconsistent interpretations. Although the majority demurred from overturning *Coco v. Winston Industries Inc.*, 341 So. 2d 332 (La. 1976), I question the vitality of the principles set forth therein, which appear to be judicially created and not firmly based upon statutory law or established precedent.