874 So.2d 838 (2004)
Sylvia GREEN
v.
K-MART CORPORATION, et al.
No. 2003-C-2495.
Supreme Court of Louisiana.
May 25, 2004.
*840 Robert E. Kerrigan, Jr., Isaac H. Ryan, Deutsch, Kerrigan & Stiles, Gulfport; Ian A. MacDonald, Perret Doise, Lafayette, for applicant.
Steven P. Shea, James Wattigny, Lafayette, for respondent.
TRAYLOR, Justice.
We granted the writ application in this personal injury matter to determine whether the court of appeal erred in its findings that the plaintiff proved that her injuries were caused by the accident at issue, in awarding general damages and in increasing the award of special damages. For the reasons which follow, we affirm the court of appeal in part and reverse in part.

FACTS and PROCEDURAL HISTORY
Sylvia Green ("Green" or "plaintiff") was injured on February 12, 1998, when a shelf broke in a New Iberia K-Mart store and caused a stack of plastic crawfish platters to fall, one or more of which struck plaintiff in the forehead.
Plaintiff filed suit against K-Mart in May of 1998, alleging she suffered injuries in the February, 1998 incident. In October of 2000, a jury assessed K-Mart with ninety-five percent of fault for the accident and its store manager with the remaining five percent. The jury awarded to Green total damages of $1,452,000. The damage award consisted of the following elements: $49,000 for past medical expenses, $1,000,000 for future medical expenses,$26,000 for past loss of income, $357,000 for loss of future earning capacity, and $10,000 each to plaintiff's two children for loss of consortium. The jury did not award Green any general damages; that is, the jury did not award any amount for past or future physical and mental pain *841 and suffering or loss of enjoyment of life and lifestyle. Plaintiff filed a motion for judgment notwithstanding the verdict and/or motion for new trial limited to damages, contesting the jury's failure to award general damages and inadequate loss of consortium award. The trial court denied the motions.
On appeal, plaintiff argued that the jury erred: (1) in failing to award general damages, (2) in awarding a deficient amount for future medical and rehabilitative care, (3) in awarding an unreasonably low amount for loss of consortium, and (4) in failing to find K-Mart liable for the negligence of its store manager. K-Mart also appealed, assigning as error: (1) the trial court's removal of a juror, (2) K-Mart's liability for the accident, and (3) whether Green established that her damages were causally related to the accident.
The court of appeal affirmed in part and reversed in part. The appellate court found no error in the dismissal of the juror. The court of appeal affirmed the jury finding that the plaintiff's injuries were caused by the falling crawfish platters and that K-Mart was liable for the injuries. The court of appeal found that the jury erred in finding the store manager five percent at fault and assessed K-Mart with 100% of fault for the accident. Finally, the court of appeal increased the award for future medical expenses from $1,000,000 to $3,458,453, awarded $500,000 in general damages, and increased the loss of consortium awards from $10,000 to $25,000 per child.[1]
K-Mart sought review of certain of the appellate court's rulings.[2] We granted a writ to consider those issues. Green v. K-Mart Corp., 03-2495 (La.12/19/03), 864 So.2d 608.

DISCUSSION
K-Mart complains that the evidence does not support the jury's finding that plaintiff's injuries are causally related to the accident which occurred at the K-Mart store. In addition, K-Mart argues that the court of appeal, rather than increasing the special damage award and awarding general damages, should have affirmed the jury's failure to award general damages and eliminated the special damage award altogether.

Causation
K-Mart asserts that the court of appeal erred in affirming the jury finding that plaintiff's physical and psychological injuries were caused by the falling crawfish platters. Causation is a question of fact. Estate of Adams v. Home Health Care of Louisiana, 00-2494 p. 1 (La.12/15/00), 775 So.2d 1064. An appellate court's standard of review of a jury's factual finding is clear:
"Factual determinations of the trier of fact may not be reversed absent manifest error or unless they are clearly wrong. Rosell v. ESCO, 549 So.2d *842 840, 844 (La.1989). In order to reverse a trial court's determination of fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the factfinder is clearly wrong or manifestly erroneous. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). The appellate court must be cautious not to reweigh the evidence or to substitute its own factual findings just because it would have decided the case differently. Ambrose v. New Orleans Police Department Ambulance Service, 93-3099, 93-3110, 93-3112, p. 8 (La.7/5/94), 639 So.2d 216, 221."
Pinsonneault v. Merchants & Farmers Bank & Trust Co., 01-2217 p. 11 (La.4/3/02), 816 So.2d 270, 278-279.
In determining that the evidence did, indeed, support the jury's finding that the accident caused plaintiff's injuries, the court of appeal correctly pointed out that "[n]umerous experts testified regarding the cause of [plaintiff's] problems, and evaluations by specialists provided conflicting information as to the cause of her problems." Green, 01-675 p. 13, 849 So.2d at 825. A review of the medical evidence shows that not less than seven medical doctors testified as to plaintiff's injuries.[3] Several of these doctors believed that Green's physical and psychological problems were caused by, or were aggravated by, the accident at K-Mart.
Although the evidence as a whole was conflicting, the jury did not err in its determination where there are two reasonable interpretations of the evidence.
"Where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong." Pinsonneault, 01-2217 p. 12, 816 So.2d at 279, citing Stobart, 617 So.2d at 883. We hold that the record contains a reasonable factual basis for the jury's finding that Green's injuries were causally related to the accident in the K-Mart store; the court of appeal's ruling in this regard is affirmed.

Future Medical Expenses
K-Mart next complains that the court of appeal erred in increasing the award for future medical expenses from $1,000,000 to $3,458,453.
The record shows the plaintiff's rehabilitation expert testified at length as to a life care plan for the plaintiff and its attendant cost. He testified that plaintiff would incur one-time costs of $121,522, and yearly costs of $92,127 for sixteen hour per day care, or $132,277 for twenty-four hour per day care. The total amount required to meet his estimate of plaintiff's future medical expenses for the plaintiff's statistical life expectancy of thirty-nine years was $3,458,453 for sixteen hour per day care or $4,927,899 for twenty-four hour per day care.
In rejecting the jury's award of $1,000,000 for plaintiff's future medical expenses, the court of appeal stated that a "trier of fact should accept as true the uncontradicted testimony of a plaintiff witness absent a sound reason for its rejection." Green, 01-0675 p. 27, 849 So.2d at 832, citing Johnson v. Ins. Co. of No. America, 454 So.2d 1113, 1117 (La.1984). The court of appeal further stated that the jury had overlooked the principal that "[w]here medical expenses are linked to *843 the injuries suffered ... a plaintiff must be made whole." Id.
We believe the court of appeal erred in increasing the award for future medical expenses. Credibility determinations are for the trier of fact, even as to the evaluation of expert witness testimony. Sportsman Store v. Sonitrol Sec. Systems, 99-0201 p. 6 (La.10/19/99), 748 So.2d 417, 421; Lirette v. State Farm Ins. Co., 563 So.2d 850, 853 (La.1990). A fact-finder may accept or reject the opinion expressed by an expert, in whole or in part. Lirette, 563 So.2d at 855. The trier of fact may substitute common sense and judgment for that of an expert witness when such a substitution appears warranted on the record as a whole. Sportsman Store, 99-0201 p. 9, 748 So.2d at 422; see also Barber Bros. Contracting Co. v. Cuccia, 98-0675 p. 8 (La.App. 1 Cir. 4/1/99), 734 So.2d 820, 825, writ denied, 99-1258 (La.6/18/99), 745 So.2d 31; Goodwin v. Goodwin, 618 So.2d 579, 586 (La.App. 2 Cir.1993), writ denied, 623 So.2d 1340 (La.1993).
Although K-Mart did not present its own rehabilitation specialist to directly contradict the opinions of the plaintiff's rehabilitation specialist, the underlying expert medical testimony upon which the specialist's opinion was based was not uniform as to the need for or type of future medical treatment or care. The plaintiff's rehabilitation expert testified that plaintiff required either sixteen hour per day or twenty-four hour per day care. The jury was aware that Green's older sister had been appointed her curator to handle her finances. However, the jury could also have considered conflicting expert medical testimony that Green was capable of taking care of activities of daily living and other day-to-day activities in its determination of the amount to award for future medical expenses.
Moreover, the jury had the opportunity to observe Green as she testified and responded to cross-examination. The jury was not prevented from using its collective "common sense" that fewer hours of daily assistance were needed by plaintiff to meet her needs than the period specified in the recommendation of the expert witness. For these reasons, the court of appeal erred in increasing the amount the jury awarded to plaintiff for future medical expenses. We reverse the court of appeal's decision in this regard and reinstate the jury's award of $1,000,000 for future medical expenses.

General Damages
Finally, K-Mart complains that the court of appeal erred in finding that the jury abused its discretion in failing to award general damages and by awarding plaintiff $500,000 for pain and suffering.
The court of appeal stated that, in general, it was legal error for a jury to award special damages for medical expenses while at the same time denying general damages, citing this court's opinion in Wainwright v. Fontenot, 00-0492 (La.100), 774 So.2d 70.[4] However, in Wainwright, this Court also pointed out, that "a jury ... can reasonably reach the conclusion that a plaintiff has proven his entitlement to recovery of certain medical costs, yet failed to prove that he endured compensable pain and suffering as the result of defendant's fault." Wainwright, 00-0492 p. 8, 774 So.2d at 76; see also Sallinger v. Robichaux, 2000-2269 p. 1 (La.1/5/01), 775 So.2d 437. When, as here, the jury has awarded special damages but has declined to award general damages, the reviewing court must determine whether the jury's finding "is so inconsistent *844 as to constitute an abuse of discretion." Wainwright, 00-0492 p. 8-9, 774 So.2d at 76. If so, only then can the reviewing court perform a de novo review of the record. Id.
In Wainwright, the jury awarded special damages for medical expenses of a hospital stay but did not award general damages. This Court held the jury could have reasonably concluded that it was a reasonable precaution for prudent parents to place their minor son in the hospital for observation after finding out that the defendant pharmacy had erroneously filled their son's prescription resulting in his ingestion of four times the medication prescribed for him. This Court found no abuse of the jury's discretion in its award of medical expenses but failure to award general damages. Wainwright, 00-0492 p. 10, 774 So.2d at 77. Similarly, in Coleman v. U.S. Fire Ins. Co., 571 So.2d 213 (La.App. 3 Cir.1990) and Olivier v. Sears Roebuck & Co., 499 So.2d 1058 (La.App. 3 Cir.1986), writ denied, 501 So.2d 198 (La.1986), the appellate court found that the juries in those cases could reasonably have found that, although the plaintiffs did not receive any injuries in the accidents at issue, they were entitled and justified in getting a medical checkup after the accidents. See Coleman, 571 So.2d at 215 and Olivier, 499 So.2d at 1063. Therefore, in those cases in which reviewing courts have examined "inconsistent" jury awards where special damages for medical expenses, but not general damages, were awarded, the courts have determined that no abuse of jury discretion occurred where the medical expenses were incurred only to determine whether injuries were, in fact, sustained.
Here, the court of appeal correctly determined that the jury abused its discretion in failing to award general damages while awarding a substantial amount for past and future medical expenses. In this case, the jury determined that plaintiff suffered injuries causally related to the accident which required medical attention, and is still suffering an injury that will, in fact, require medical attention in the future. Failing to make a general damage award in such circumstances was an abuse of discretion.
The court of appeal conducted a de novo review of the record and determined that the extensive changes in plaintiff's physical, psychological, and emotional state, along with attendant changes in her life style, detailed in the appellate opinion, mandated the award of $500,000 for pain and suffering and loss of enjoyment of life. We agree. The court of appeal's decision to award general damages in the amount of $500,000 is affirmed.

DECREE
For the foregoing reasons, the ruling of the court of appeal is affirmed in part and reversed in part. We remand this matter to the trial court for further proceedings consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
NOTES
[1] See Green v. K-Mart Corp., 01-675 (La.App. 3 Cir. 11/20/02), 834 So.2d 1084. K-Mart sought a writ of review from this ruling to this Court, arguing that the court of appeal erred in proceeding with oral argument and opinion despite K-Mart's filing of bankruptcy proceedings. This Court granted K-Mart's writ, vacated the earlier decision of the court of appeal and remanded the matter to that court for re-argument and decision to afford counsel for all of the parties the opportunity for participation therein. See Green v. K-Mart Corp., 02-3198 (La.4/4/03), 840 So.2d 1209. After re-argument, the appellate court issued an opinion essentially the same as its earlier opinion. See Green v. K-Mart Corp., 01-675 (La.App. 3 Cir. 6/18/03), 849 So.2d 814.
[2] K-Mart does not seek review of the court of appeal's increase in the award for loss of consortium, the dismissal of the juror or the percentage of fault assessed against K-Mart.
[3] The court of appeal opinion contains an excellent synopsis of the medical evidence. Green v. K-Mart Corp., 01-675 p. 13-23, 849 So.2d at 825-830.
[4] See Green, 01-0675 p. 27, 849 So.2d at 832.