# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-02

CYNTHIA A. CARR

V.

UNITED HOMES, INC.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2001-002096
HONORABLE ARTHUR PLANCHARD, DISTRICT JUDGE

**********

## J. DAVID PAINTER

**********

Court composed of Marc T. Amy, Billy Howard Ezell, and J. David Painter, Judges.

**AFFIRMED.**

Barry L. Domingue
P.O. Box 52242
Lafayette, LA 70505
Counsel for Plaintiff-Appellant:
    Cynthia A. Carr

V. Ed McGuire
P.O. Drawer 1705
Lake Charles, LA 70602
Counsel for Defendant-Appellee:
    Delta Homes, Inc.

PAINTER, Judge.

The Plaintiff, Cynthia A. Carr, appeals the judgment of the trial court dismissing her action against Delta Homes, Inc. (Delta) alleging manufacturing defects in a manufactured home. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

In May 1998, Carr purchased, from United Homes, Inc., a manufactured home manufactured by Delta. The home was delivered to a lot rented by Carr in Sulphur, Louisiana. Several months after delivery, the interior walls of the home began to buckle. Attempts were made to fix the problems, which recurred periodically over the next three years. During that period, Carr saw that the interior of the walls was wet with mold and mildew growing inside the walls. It is uncontested that the problems with the walls were due to condensation. In 2001, while Delta was again attempting repairs, Carr suggested that the home be wrapped in Tyvek as a moisture barrier. Before interior repairs were finished or the Tyvek wrap completed, the carpenters sent by Delta ran out of materials and said they would come back and finish later. Delta never returned to finish the job.

In April 2001, Carr filed this suit against United and Delta alleging, among other things, that the home was defectively manufactured and was unfit for the use intended. The complaints against Delta were tried to a jury on September 19, 2006. The jury, responding to jury interrogatories, found that the home did not contain defects at the time of sale which either rendered it useless for its intended purpose or diminished its usefulness and value. Judgment was rendered pursuant to the jury verdict dismissing Carr's suit with prejudice. Carr appeals.

1

DISCUSSION

On appeal, Carr asserts that the jury erred in failing to find that her home contained redhibitory defects. Therefore, she argues, this court should conduct a de novo review.

> In general, a court of appeal may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. *Rosell v. ESCO*, 549 So.2d 840 (La.1989); *Arceneaux v. Domingue*, 365 So.2d 1330 (La.1978). The existence of a redhibitory defect is a question of fact which cannot be disturbed unless the record establishes that the finding is manifestly erroneous. *Dage v. Obed*, 40,414 (La.App.2d Cir.12/14/05), 917 So.2d 713.
>
> Credibility determinations are for the trier of fact, even as to the evaluation of expert witness testimony. *Marsh v. USAgencies Casualty Insurance Company*, 42,176 (La.App.2d Cir.5/16/07), 957 So.2d 901. The trier of fact may substitute common sense and judgment for that of an expert witness when such a substitution appears warranted on the record as a whole. *Green v. K-Mart Corporation*, 2003-2495 (La.5/25/04), 874 So.2d 838.

*Fisher v. Batista*, 42,642, pp. 4-5 (La.App. 2 Cir. 10/24/07), 968 So.2d 337, 339-40.

In this case, the evidence with regard to the cause of the condensation problems was in conflict. Alexis Mallet, Jr. was qualified as an expert in the fields of general construction, construction estimating, and forensic construction. He testified on behalf of Carr and opined that the condensation and moisture problems in the home were the result of negative air pressure in the home. He cited an unsealed air conditioning system which was causing air leakage as one problem which combined with an inappropriately installed ventilation system. He further noted that the vapor barrier in the walls was on the inside of the walls rather than on the outside and stated that this helped create conditions conducive to deterioration of the wall. He did not feel that the failure to have the ground under the home crowned or formed into a mound or to put a vapor barrier on the ground under the home were causes of the

2

moisture problems, because he saw no evidence that moisture was coming through the floor.

The evidence given by the Defendant's expert, Harold Mouser, contradicted that given by Mallet. Mouser was qualified as an expert in manufactured housing construction, code compliance, and forensic analysis of condensation issues. He opined that improper site preparation was the cause of the moisture problems in the home. On inspection of the home, he noted that the ground under the home formed a cup which holds water, rather than a crown which would allow moisture to run away from the home. He further noted that no vapor barrier had been installed on the ground under the home. He stated that, in the absence of these site preparations, when the interior of the home was cooler than the exterior, the moisture under the home would be drawn up into the home. He stated that having the soil crowned and a vapor barrier installed underneath a manufactured home have been shown to prevent interior moisture problems. Mouser cited studies showing that there was no significant correlation between duct or shell leakage and moisture problems. He further opined that the floor of the home did not show signs of moisture problems because of the materials used in constructing the floor.

> Where, as here, a conflict in the evidence exists and neither party presents evidence that is wholly inconsistent, implausible on its face or unbelievable in light of objective evidence, the appellate court must defer to the fact-finder's decision unless that decision is manifestly erroneous or clearly wrong.

*Henderson v. Nissan Motor Corp.*, 03-606, p. 14 (La. 2/6/04), 869 So.2d 62, 71.

In this case, the jury was presented with two permissible views of the evidence and decided that the construction of the home was not defective. The jury's verdict was not manifestly erroneous, and we may not, therefore, overturn it.

## DECREE

The judgment of the trial court is affirmed.  Costs of this appeal are assessed to the Plaintiff-Appellant.

AFFIRMED.