CHATELAIN, J.,
concurs in the result.
hi concur in the result of this case and offer additional reasons in support of this court’s affirmation of the trial court judgment.
This case essentially presents us with an evidentiary question of whether the trial court properly excluded Section 509.03 of the Louisiana Standard Specifications for Roads and Bridges from evidence and whether such ruling, if determined to be erroneous, requires reversal of the jury’s rejection of the plaintiffs claim.
In reaching a decision on this alleged evidentiary error, this court must consider whether the challenged ruling was erroneous and whether the error “prejudiced] the defendants’ cause, for unless it d[id], reversal is not warranted.” Wallace v. Upjohn Co., 535 So.2d 1110, 1118 (La.App. 1 Cir.1988), writ denied, 539 So.2d 630 (La.1989); La.Code Evid. art. 103. “Moreover, the party alleging error has the burden of showing the error was prejudicial” and had “a substantial effect on the outcome of the case.” Brumfield v. Guilmino, 93-366, p. 12 (La.App. 1 Cir. 3/11/94), 633 So.2d 903, 911, writ denied, 94-806 (La.5/6/94), 637 So.2d 1056. Ultimately, “the determination is whether the error, when compared to the record in its totality, has a substantial effect on the outcome of the case.” Wallace, 535 So.2d at 1118. “Absent |2a prejudicial error of law, this Court is not required to review the appellate record de novo.” Brumfield, *1048 633 So.2d at 911 (citing Rosell v. ESCO, 549 So.2d 840 (La.1989)).
Even though the jury returned a general verdict, such that it did not specifically find an absence of causation, the record convinces me that the issue of causation was at the forefront of this litigation. Causation is a question of fact; therefore, this factual determination is subject to the manifest error standard of review. Green v. K-Mart Corp., 03-2495 (La.5/25/04), 874 So.2d 838; Mart v. Hill, 505 So.2d 1120 (La.1987). Under the manifest error standard, in order to reverse a trial court’s determination of a fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis for the finding does not exist, and (2) further determine that the record shows that the fact finder is clearly wrong or manifestly erroneous. Stobart v. State, through Dep’t of Transp. & Dev., 617 So.2d 880 (La.1993).
From the outset, I find it important to note that the excluded evidence was only relevant with regard to the duty owed, and its exclusion could not have affected the issue of causation. Therefore, our resolution of this evidentiary issue, i.e., questioning whether the exclusion of this evidence affected the outcome of this litigation, requires an examination of the issue of causation.
In my view, the record shows no evidence that would establish any road defect caused the plaintiffs accident. Thomas E. Sanders, the driver of the truck that struck the plaintiffs vehicle, did not testify at trial and no evidence was presented to the jury from him about how this accident unfolded. Although the plaintiff argues that the pictures and other physical evidence show Sandérs’ truck spun out of control, the | srecord contains no evidence showing that the spin resulted from the cold-planed condition of the roadway. The jury heard no testimony from Sanders to the effect that a road defect distracted him, caused him to lose control of his vehicle, or impaired his ability to brake his vehicle when he realized the plaintiff was stopped to execute a left-hand turn. In stark contrast, the jury heard the testimony of the investigating officer who ascribed the cause of this accident to Sanders, not the condition of the roadway.
Even though the plaintiff presented expert testimony that a particular road bump, located approximately eight hundred feet from the point of impact, may have distracted Sanders, the expert could not testify as to what exactly happened. Thus, the expert’s testimony about driver distraction and the effect of the cold-planed road amounts to nothing more than speculation. It is axiomatic that speculation, guessing, or a mere possibility is insufficient to sustain a finding of fact. Therefore, after considering the record as a whole, I find that no reasonable fact finder could have concluded that the cold-planed condition of the road was a cause in fact of the collision.
Even if the trial court’s evidentiary ruling in the present case was erroneous, an issue the majority rejects and one with which I concur, I nonetheless would affirm the jury’s resolution of this case. For reasons outlined above, I find that when compared to the record in its totality, such an error would not substantially affect the outcome of this case.