THERIOT, J.,
dissenting and assigning reasons.
hi agree with the majority that Ms. Averette made a strategic decision during closing argument to ask for twenty years of conservative medical treatment and no future general damages, I disagree with the majority that Ms. Averette effectively waived future general damages.
Opening and closing statements of counsel are not evidence. The trial court in the instant case correctly instructed the jury as such when it stated, “Likéwise, the argument of counsel and the figures which counsel for either party may suggest are not, I repeat, are not evidence and should not be regarded by you, the jury, as evidence and/or testimony but only as argument.” The trial court clearly instructed the jury as to the type of damages Ms: Averette was entitled to recover. The trial court stated the separate items of damages to be considered by the jury as: past medical expenses, future medical expenses, past lost wages, past pain and suffering, future pain and suffering, past mental anguish and emotional distress, | ¿future mental anguish and emotional distress, past loss of enjoyment of life, and future loss of enjoyment of life. ■
The trial court showed the blank verdict form to the jury. The trial court further explained the section of the verdict form regarding damages and instructed the jury to consider the damages they feel were proved and what that award amount should be. At no time during the instruction phase did the trial court state Ms. Averette waived any of the listed damages found on the verdict form. There being no testimony or evidence in the record that Ms. Averette waived any of her damages, and the trial court properly ihstructing the jury pertaining to damages, I cannot find that Ms. Averette waived her rights to any of the damages enumerated on the verdict form.
I further find an award of $500,000 for future medical expense while at the same time awarding $0 for future general damages constitutes legal error. The jury failed to1 follow the instructions of the trial court. The failure to award future general damages while awarding $500,000 for future medical expense is so inconsistent as to constitute an abuse of discretion. See Green v. K-mart Corp., 2003-2495 (La.5/25/04), 874 So.2d 838; Davis v. Vosbein, 2012-0626 (La.App. 5 Cir. 5/16/13), 119 So.3d 100.
Having determined the fact finder abused its discretion, I would proceed with a de novo review to determine what amount of damages is reasonable on the record before us. See Wainwright v. Fontenot, 2000-0492 (La.10/17/00), 774 So.2d 70. Noting Ms. Averette has answered the appeal and preserved her rights on appeal, this court’s de novo review may increase or decrease the amount awarded for future medical expenses, future pain *22 and suffering, future mental anguish and emotional distress, and future loss of enjoyment of life. Therefore, rather than affirm, I would amend the jury award to reflect the amount of damages proved and render judgment accordingly.