JOHNSON, C.J.,
concurs in part, dissents in part, and assigns reasons.
hi respectfully dissent from the majority’s finding that the court of appeal erred in its review and award of general damages to Mrs. Thibodeaux. I find the majority opinion creates confusion by failing to apply the clear principles set forth by this court in Wainwright v. Fontenot, 00-0492 (La. 10/17/00), 774 So.2d 70 and Green v. K-Mart Corp., 03-2495 (La. 5/25/04), 874 So.2d 838, wherein this court has directly addressed the proper standard of review for assessment of damages in cases such as this one.
In Wainwright, this court explained that when faced with a verdict in which a jury determined that the defendant is both legally at fault for the plaintiffs injuries and liable for his medical expenses, yet has *283 declined to- award general damages, the reviewing court “must ask whether the jury’s determination that plaintiff is entitled to certain medical expenses but not to general damages is so inconsistent as to constitute an abuse of discretion. Only after the reviewing- court determines that the factfinder has abused its much discretion can that court conduct a de novo review of the record.” 774 So.2d at 76. (Emphasis added). This court again applied the same principle in Green (“When, as here, the jury has awarded special damages but has |2declined to award general damages, the reviewing court must determine whether the jury’s finding is so inconsistent as, to constitute an abuse of discretion. If so, only then can the reviewing court perform a de novo review of the record.”) 874 So.2d at 843-844. Thus, this court must determine whether the jury’s finding in this particular case “is so inconsistent as to constitute an abuse of discretion.”
After review of the record, I find the court of appeal correctly determined that the jury abused its discretion in failing to award general damages while awarding a substantial amount for past and future medical expenses. In this case, the jury determined through its award of all of Mrs. Thibodeaux’s medical expenses that plaintiff suffered injuries causally related to the accident which required medical attention, and is still suffering an injury that will require medical attention in the future. Further, the evidence establishes that the medical treatment caused Mrs. Thibodeaux pain and suffering. I find failing to make a general damage award in such circumstances was an abuse of discretion.
.Additionally, to the extent the failure to award general damages is an abuse of discretion, as opposed to an error of fact or law, review and correction of the damage award is limited by the principles stated by this court in Coco v. Winston Industries, Inc., 341 So.2d 332, 335 (La. 1976) (i.e., the reviewing court is limited to raising the inadequate general damage award to the lowest amount reasonably within the jury’s discretion), rather than a de novo determination of damages as contemplated in Mart v. Hill, 505 So.2d 1120 (La. 1987). In this case, the court of appeal determined the jury’s finding that Mrs. Thibo-deaux was entitled to an award of special damages, but no general damages was, under the facts, so inconsistent as to constitute an abuse of its much discretion. Thibodeaux v. Donnell, 15-0503 (La.App. 1 Cir. 2/24/16), 189 So.3d 469, 475, Given that determination, the court of |Rappeal then correctly proceeded to fix an award of general damages calculated as “the lowest amount within the jury’s discretion- and consistent with the special damages award,” in accordance with this court’s holding in Coco. Thibodeaux, 189 So.3d at 478.
Therefore, consistent with Waimmght and Green, I find that in this case where the jury awarded special damages but declined to award general damages, it is the task of the reviewing court to determine whether the jury’s' finding “is so inconsistent as to constitute an abuse of discretion.” Because such a finding was made in this case, I find'the court of appeal properly assessed the award of general damages under' the principles set forth in Coco. Thus, I would affirm the court of appeal’s decision on this issue.
Finally, relative to loss' of consortium damages, I agree with the majority that because the court of appeal found the jury manifestly erred in failing to award loss of consortium damages, the court of appeal was not constrained by the award parameters set forth in Coco. However, I dissent from the majority’s holding to the extent the case is remanded to the court,of appeal *284 to reconsider its award on this issue. Considering the record before us, I find it is sufficient for this court to render judgment. Based on de novo review of the record relative to this issue, I would affirm the amounts awarded by the court of appeal for loss of consortium rather than remand this case to the court of appeal to reconsider that award.