# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**16-592 consolidated with 16-917**


DWIGHT MINTON, ET UX.

VERSUS

GEICO CASUALTY COMPANY, ET AL.



\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2013-2622
HONORABLE ROBERT L. WYATT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ELIZABETH A. PICKETT
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Elizabeth A. Pickett, and Van H. Kyzar, Judges.


**AMENDED AND AFFIRMED AS AMENDED.**

**Steven E. Soileau**
**Thomas, Soileau, Jackson, Baker & Cole, L.L.P.**
**401 Edwards Street, Suite 2015**
**Shreveport, LA 71101**
**(318) 216-5058**
**COUNSEL FOR DEFENDANTS-APPELLANTS:**
    **Christopher Gutierrez**
    **Super Tech Automotive, LLC**
    **Colony Insurance Company**

**Stephen R. Barry**
**Barry & Company, LLC**
**405 West Main Street, Suite 101**
**Lafayette, LA 70501**
**(337) 237-2889**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    **GEICO Casualty Company**

**Barry A. Roach**
**Larry A. Roach, Inc.**
**2917 Ryan Street**
**Lake Charles, LA 70601**
**(337) 433-8504**
**COUNSEL FOR PLAINTIFFS-APPELLEES:**
    **Dwight Minton**
    **Betty Minton**

**PICKETT, Judge.**

Three defendants appeal the trial court's grant of a judgment notwithstanding the verdict (JNOV), its significant increase in damages, and its denial of their claim for court costs because the plaintiffs did not accept their Offer of Judgment and the damages awarded exceeded the offer by more than 25%. These defendants also appeal the trial court's denial of their cross-claim for costs and attorney fees against a co-defendant insurer for their failure to provide the tortfeasor defendant with a defense. For the following reasons, we affirm the trial court's grant of the JNOV and amend the damage awards.

## FACTS

On June 13, 2012, Dwight Minton was in an accident when the vehicle in which he was a passenger was hit by another vehicle. He and his wife filed suit against Christopher Gutierrez, the driver of the other vehicle; GEICO Casualty Company (GEICO), the insurer of the vehicle; Mr. Gutierrez's employer, Super Tech Automotive, LLC; Super Tech's insurer, Colony Insurance Company; and State Farm Automobile Insurance Company, the Mintons' underinsured/uninsured motorist carrier. In their petition, the Mintons asserted that the accident caused injury to Mr. Minton and that they sought to recover damages for those injuries.

GEICO answered the Mintons' suit, denying coverage because the accident occurred while Mr. Gutierrez was test driving the insured's vehicle in his capacity as an employee of Super Tech, which provides vehicle repair services. Citing a coverage exclusion contained within the policy issued to the insured, GEICO asserted that because Mr. Gutierrez was operating the vehicle in the course and scope of his employment for an automotive repair shop, the policy did not provide

coverage for the accident. After filing its answer, GEICO provided no defense to Mr. Gutierrez and did not participate in his defense in the litigation.

Mr. Gutierrez filed a cross-claim against GEICO, asserting that it provided primary coverage for the accident and had a duty to defend Mr. Gutierrez in the litigation. Thereafter, Mr. Gutierrez filed a motion for summary judgment on the issue of whether GEICO had a duty to defend him. The Mintons joined in the motion for summary judgment. GEICO filed a cross motion for summary judgment. The trial court granted Mr. Gutierrez's motion and denied GEICO's, motion. GEICO ultimately tendered its policy limits of $25,000.00 to the Mintons, who dismissed their claims against GEICO, Mr. Gutierrez, and Super Tech. The Mintons also reached an agreement with State Farm that it would pay its $25,000.00 UM policy limits if the Mintons settled or obtained a judgment on their claims totaling the $325,000.00 combined limits of the GEICO and Colony policies and dismissed it from the litigation.

The Mintons filed a motion for partial summary judgment on the issue of liability, asserting that Mr. Gutierrez was 100% at fault in causing the accident because he ran a red light controlling the intersection where the accident occurred. Mr. Gutierrez, Super Tech, and Colony (the defendants) opposed the motion, arguing that Mr. Mintons' son, who was driving the Mintons' automobile when the accident occurred, was partially at fault, citing the high standard applicable to motorists making left turns and the son's testimony that he did not see Mr. Gutierrez before the accident occurred. The trial court granted the motion; the judgment granting the motion was not appealed.

In late 2015, a jury trial was held on the Mintons' claims against the defendants. Central to the defendants' case was whether Mr. Minton's right knee

injury was caused by the June 13, 2012 accident or an accident that Mr. Minton was involved in on May 11, 2012, when a vehicle turned in front of the motorcycle he was riding.

The Mintons presented the testimony of Dr. William Axelrad, an orthopedic surgeon who treated him for a hip injury he sustained in the May 2012 accident and thereafter. Dr. Axelrad testified that Mr. Minton suffered a knee injury in the June accident that ultimately required a knee replacement and would require Mr. Minton to undergo another knee replacement during his lifetime. The defendants presented the testimony of two orthopedic surgeons: Dr. James Perry, who had treated Mr. Minton for an ankle injury he sustained in the May accident, and Dr. Thomas Montgomery, who performed an independent medical examination of Mr. Minton. Both of these physicians attributed the condition of Mr. Minton's knee to the pre-existing condition of his knee or the May accident. Dr. Montgomery was asked and agreed that even if Mr. Minton's knee condition pre-existed the June accident, the June accident aggravated it. Dr. Axelrad and Dr. Montgomery both testified that with regard to a patient who has a knee condition such as Mr. Minton's, the patient's pain, not the condition of his knee, is the determining factor regarding the need for surgery.

The jury returned a verdict in favor of the Mintons and awarded damages totaling $58,500.00. Thereafter, the Mintons filed a motion for JNOV. After a hearing on the motion, the trial court granted the JNOV and awarded the Mintons damages totaling $543,188.79. GEICO's $25,000.00 policy limits were subtracted from the total amount awarded. Colony's policy limits are $300,000.00; therefore, the judgment was limited to that amount.

Prior to trial, the defendants submitted an Offer of Judgment to the Mintons as provided by La.Code Civ.P. art. 970. The Offer of Judgment offered to allow the Mintons to take a judgment against the defendants "in the amount of . . . $50,000.00 . . . , inclusive of legal interest." The Mintons did not accept the offer. After the trial, the defendants filed a motion seeking a judgment ordering the Mintons to pay the costs, exclusive of attorney fees, it incurred after the Offer of Judgment was made, as provided in Article 970. The Mintons opposed the motion, arguing that the trial court's grant of the JNOV rendered the Offer of Judgment moot and that the offer was ambiguous. The trial court denied the motion.

The defendants appealed and filed separate appeals for the trial court's grant of the Mintons' motion for JNOV and its denial of the motion for costs due to GEICO's failure to defend Mr. Gutierrez. The appeals were consolidated.

## ASSIGNMENTS OF ERROR

The defendants assign four errors with the trial court proceeding:

1. The trial judge erred in failing to grant the motion for entry of judgment, assessing certain costs against the plaintiff[s] because the offer of judgment made by the defendants was more than 25% higher than the judgment resulting from the jury verdict.

2. The trial judge erred in failing to apply the proper legal standard and test for the entry of a [JNOV]. Instead of addressing whether the facts and inferences were overwhelmingly in favor of the plaintiffs such that reasonable jurors could not arrive at a contrary verdict, the trial judge instead concluded the verdict was very, very wrong, which is not the correct legal standard.

3. The trial judge erred in granting plaintiffs' motion for [JNOV] multiplying the damages awarded by the jury by almost ten when the evidence relating to causation and damages was controverted and the great majority of the evidence was on the side of the defendants to establish that plaintiff's knee surgeries were not . . . a result of the accident giving rise to this lawsuit.

4. Whether the trial court erred in granting the summary judgment of GEICO, which concluded [it] had no duty to defend Christopher

Gutierrez, though they refused to do so for a period of more than [two and one-half] years during the pendency of the litigation, and whether they owe the attorney[] fees and costs incurred in defending him and incurred as a result of [its] failure to honor [its] obligation under [its] insurance policy and under Louisiana law to defend [its] insured.

## DISCUSSION

Resolution of the defendants' first assignment of error may be pretermitted by our resolution of the second and third assignments of error. Accordingly, we address the second and third assignments of error first.

### *Judgment Notwithstanding the Verdict*

#### *Standard of Review*

In *Anderson v. New Orleans Public Service, Inc.*, 583 So.2d 829, 832 (La.1991) (citation omitted), the Louisiana Supreme Court reiterated the criteria first set forth in *Scott v. Hospital Service District No. 1*, 496 So.2d 270 (La.1986), for determining whether a JNOV has been properly granted pursuant to La.Code Civ.P. art. 1811:

> A JNOV is warranted when the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary verdict. The motion should be granted only when the evidence points so strongly in favor of the moving party that reasonable men could not reach different conclusions, not merely when there is a preponderance of evidence for the mover. If there is evidence opposed to the motion which is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied. In making this determination, the court should not evaluate the credibility of the witnesses, and all reasonable inferences or factual questions should be resolved in favor of the non-moving party.
>
> In reviewing a JNOV, the appellate court must first determine if the trial court erred in granting the JNOV. This is done by using the aforementioned criteria just as the trial judge does in deciding whether to grant the motion or not, i.e. do the facts and inferences point so strongly and overwhelmingly in favor of the moving party that reasonable men could not arrive at a contrary verdict? If the answer

to that question is in the affirmative, then the trial judge was correct in granting the motion. If, however, reasonable men in the exercise of impartial judgment might reach a different conclusion, then it was error to grant the motion and the jury verdict should be reinstated.

A motion for a JNOV may be granted on the issue of liability, damages, or both. La.Code Civ.P. art. 1811(F). In general, the standard of review of a JNOV on appeal is twofold. First, the appellate court determines "whether the jury verdict is supported by competent evidence and is not wholly unreasonable." *Daigle v. U.S. Fid. & Guar. Ins. Co.*, 94-304, p.6 (La.App. 1 Cir. 5/5/95), 655 So.2d 431, 436. If the appellate court finds the trial court properly granted the JNOV, it then reviews the JNOV pursuant to the manifest error standard of review. *Davis v. Wal-Mart Stores, Inc.*, 00-445 (La. 11/28/00), 774 So.2d 84.

The same standard applies when the trial court grants a JNOV as to damages. *Savant v. Hobby Lobby Stores, Inc.*, 12-447 (La.App. 3 Cir. 11/7/12) 104 So.3d 567. Both the decision to grant the JNOV and the trial court's increase or decrease in damages must be reviewed. *Higley v. Kramer*, 581 So.2d 273 (La.App. 1 Cir.), *writ denied*, 583 So.2d 483 (La.1991).

### *Did the Trial Court Err in Granting a JNOV?*

The defendants argue that the trial court applied the wrong standard for granting the JNOV because when granting the JNOV, the trial court concluded the jury's verdict was "very, very wrong," rather than tracking the language stated in *Anderson*, 583 So.2d 829.

The Jury Verdict Form asked the jury: "Do you find that the actions of Christopher Gutierrez caused injures [sic] to the plaintiff, Dwight Minton?" The jury answered "yes," then completed the damage award section of the form, as follows:

**Mr. Minton**

| | |
|---|---|
| Past Medical Expenses | $20,000.00 |
| Future Medical Expenses | $ 0.00 |
| Past Loss of Earnings | $ 3,500.00 |
| Past Loss of Enjoyment of Life | $ 0.00 |
| Future Loss of Enjoyment of Life | $ 0.00 |
| Past Pain and Suffering | $25,000.00 |
| Future Pain and Suffering | $ 0.00 |
| Past Mental Anguish | $10,000.00 |
| Future Mental Anguish | $ 0.00 |
| Past Disability | $ 0.00 |
| Future Disability | $ 0.00 |

The jury answered "no" to the question, "Do you find that Betty Minton suffered a loss of consortium as a result Dwight Minton's injuries?" and declined to award her damages.

The Mintons filed their motion for JNOV. After hearing the parties' arguments on the motion, the trial court concluded that the jury erred in its damage awards, then granted the motion and awarded the Mintons the following damages:

**Mr. Minton**

| | |
|---|---|
| Past Medical Expenses | $104,762.00 |
| Future Medical Expenses | $ 63,426.79 |
| Loss of Enjoyment of Life | $100,000.00 |
| Past Pain and Suffering | $ 75,000.00 |
| Future Pain and Suffering | $100,000.00 |
| Disability | $ 75,000.00 |

**Mrs. Minton**

| | |
|---|---|
| Loss of Consortium | $ 25,000.00 |

The Mintons assert, in part, that the trial court's grant of the JNOV was warranted because the jury's damage awards are inconsistent with the evidence and with each other. Specifically, they contend that the jury's damage awards for past medical expenses and past lost wages are inconsistent with each other.

Mr. Minton testified that he only missed work to attend physical therapy sessions, and his medical records reflect that he attended physical therapy through February 2013. This award can only be interpreted as reflecting that even if the jury concluded that the June accident was not the sole cause of Mr. Minton's knee injury, it aggravated his knee condition, and it concluded the aggravation was more than minimal because it represents his attendance at all physical therapy sessions after the June accident, the arthroscopy of his right knee, and his total knee replacement. Notably, the defendants acknowledge that this award is inconsistent with its other damage awards.

The jury awarded $20,000.00 in past medical expenses; however, Mr. Minton incurred $103,974.95 in medical expenses during the time frame of his past lost wage claim. Additionally, Mr. Minton's past medical expenses associated with his treatment at Memorial Hospital and the additional treatment thereafter for his atrial fibrillation that was attributed solely to the June accident total $13,494.45. Accordingly, these awards cannot be reconciled with each other or the evidence.

The same is true of the awards for past pain and suffering and past mental anguish. The jury awarded Mr. Minton $25,000.00 for his past pain and suffering and $10,000.00 for his past mental anguish but declined to award him damages for past loss of enjoyment of life and past disability. During the same time frame of the past lost wage claim, however, Mr. Minton underwent an arthroscopy and total knee replacement. Accordingly, the jury's award for past lost wages is also inconsistent with its past medical expenses awards and its past general damage awards.

A similar situation was addressed in *Clement v. Citron*, 13-63, pp. 4-5 (La.App. 3 Cir. 6/19/13), 115 So.3d 1260, 1264-65, where another panel of this court addressed the inconsistency of jury verdicts, explaining:

> The supreme court has recognized that inconsistent jury verdicts may, in certain circumstances, constitute . . . legal error, requiring the appellate court to conduct a de novo review. *See Green v. K-Mart Corp.*, 03-2495 (La.5/25/04), 874 So.2d 838. For example, when the jury has awarded special damages, but has declined to award general damages, the reviewing court must determine whether the jury's finding is "so inconsistent as to constitute an abuse of discretion." *Id.* (citing *Wainwright v. Fontenot*, 00-492 (La.10/17/00), 774 So.2d 70). If so, a de novo review is warranted.

> Here, we find it difficult to discern the factual conclusions of the jury from the face of the jury verdict form. It is clear that the jury found that Ms. Clement suffered injuries causally related to the accident with Mr. Citron which required medical treatment and would continue to require medical treatment in the future. These conclusions are well-supported by the record. We find, however, that some of the damage awards recorded on the jury verdict form are inconsistent and constitute an abuse of discretion and legal error.

The defendants argue that the jury's damage awards reflect the jury's conclusion that the June accident minimally aggravated Mr. Minton's pre-existing knee condition. This argument attempts to read information into the Jury Verdict Form that is not there. As in *Clement*, the jury clearly found that Mr. Minton suffered injuries causally related to the June accident, and the evidence supports that conclusion. Unlike *Clement*, though, the jury did not award Mr. Minton future special or general damages. The jury's conclusion on these issues cannot be determined from the face of the Jury Verdict Form due to the inconsistency of the damage awards. This inconsistency warranted the trial court's grant of the JNOV, and we affirm it. *Collins v. La. State Police*, 13-412 (La.App. 3 Cir. 10/23/13), 158 So.3d 17, *writ denied*, 13-2726 (La. 2/21/14), 133 So.3d 684.

When a trial court grants a JNOV because a jury's damage awards are inconsistent, the trial court renders "a de novo award based on its independent assessment of damages." *Daigle*, 655 So.2d at 436 (citing *Anderson*, 583 So.2d 829). Having found no manifest error in the trial court's grant of the JNOV, we review the trial court's damage awards under the abuse of discretion standard. *Higley*, 581 So.2d 273; *see also Anderson*, 583 So.2d 829. Pursuant to the abuse of discretion standard of review, the appellate court considers the damage awards in light of the facts and circumstances of the particular case before the court. *Miller v. LAMMICO*, 07-1352 (La. 1/16/08), 973 So.2d 693. Consideration of prior damage awards is appropriate only if the review of facts show an abuse of discretion by the fact finder. *Id.*

To recover past medical expenses, the plaintiff must present medical testimony to prove he suffered an injury in the accident at issue and that the injury was caused by the accident. *Reed v. LaCombe*, 15-120 (La.App. 3 Cir. 7/29/15), 172 So.3d 679. The trial court's award for past medical expenses are substantiated by Dr. Axelrad's testimony and Mr. Minton's medical bills. Accordingly, the award does not constitute an abuse.

Future medical expenses must be established with some degree of certainty; however, it is recognized that such claims are somewhat speculative. *Menard v Lafayette Ins. Co.*, 09-1869 (La. 3/16/10), 31 So.3d 996. This award is also substantiated by Dr. Axelrad's testimony regarding Mr. Minton's future medical expenses for a future knee replacement and do not constitute an abuse of discretion.

A plaintiff can recover damages for loss of enjoyment of life upon proving that his injury had a negative impact on his life or lifestyle and/or had a negative impact on his ability to participate in activities. *McGee v. A C & S, Inc.*, 05-1036

(La. 7/10/06), 933 So.2d 770. The nature and severity of the plaintiff's injury and the lifestyle he enjoyed before the injury must be considered when determining whether he sustained such a loss.

Mr. Minton testified that he could no longer engage in numerous activities that he participated in before the June accident and/or his ability to participate in activities was severely limited. He explained how he had enjoyed umpiring for more than twenty years but he could not engage in that activity as he had before. He also described the effect of his limitations on his former pastime of bowling and his ability to actively engage in playing with his grandchildren. Mrs. Minton expounded on Mr. Minton's limitations after the June accident and subsequent surgical procedures with regard to his inability to engage in umpiring, bowling, and church activities that he had formerly enjoyed.

The trial court awarded Mr. Minton $100,000.00 for loss of enjoyment of life. In view of the severe pre-existing degenerative and arthritic condition of Mr. Minton's knee, we find this award constitutes an abuse of discretion and reduce it to $75,000.00.

The evidence substantiates that Mr. Minton's total knee replacement constitutes a permanent impairment that has limited his ability to engage in activities he previously engaged in and enjoyed. Such an impairment constitutes a disability. *Brossett v. Howard*, 08-535 (La.App. 3 Cir. 12/10/08), 998 So.2d 916, *writ denied*, 09-77 (La. 3/6/09), 3 So.3d 492. For the reasons stated above, we find the trial court's $75,000.00 award excessive and reduce it to $50,000.00.

Next, we consider the trial court's awards for past and future pain and suffering. Considering the particular facts of this case, including Mr. Minton's pre-existing severe degenerative joint disease in his right knee, we find the trial

11

court's general damage awards are so high that they constitute an abuse of discretion and reduce each award by $25,000.00. Thus, these awards are amended as follows:

| | |
|---|---|
| Past Pain and Suffering | $50,000.00 |
| Future Pain and Suffering | $75,000.00 |

Lastly, we consider the trial court's award for loss of consortium. Loss of consortium has been held to be "more than just a loss of general overall happiness, but includes seven components: love and affection, society and companionship, sexual relations, right of performance of material services, right of support, aid, and assistance, and felicity." *Detraz v. Hartford Acc. & Ind. Co.*, 94-708, p. 9 (La.App. 3 Cir. 12/7/94), 647 So.2d 576, 581. Mrs. Minton testified that Mr. Minton can no longer assist her in various tasks and activities, in and out of the home, as he did before the June accident and that they no longer share a bed and sleep in the same room. She further explained that often times and in many ways Mr. Minton no longer engages with her and their family as he did before the accident. Based on this evidence, we find no error with the trial court's award of $25,000.00 to Mrs. Minton for loss of consortium.

### *Offer of Judgment*

The defendants argue in their first assignment of error that the trial court erred in denying their motion to enforce the Offer of Judgment. Pursuant to La.Code Civ.Proc. art. 970(A), "any party may serve upon an adverse party an offer of judgment for the purpose of settling all of the claims between them." "If the final judgment obtained by the plaintiff-offeree is at least twenty-five percent less than the amount of the offer of judgment made by the defendant-offeror," the

plaintiff is obligated to pay "the offeror's costs, exclusive of attorney fees, incurred after the offer was made, as fixed by the court." La.Code Civ. P. art. 970(C).

The Mintons argue that the trial court did not err in denying the defendants' motion because the trial court's grant of their motion for JNOV rendered the Offer of Judgment moot. Article 970 applies only to a final judgment. La.Code Civ.P. art. 970(C). The jury's verdict did not become a final judgment as required by the express terms of Article 970. Accordingly, this assignment lacks merit.

### Colony's claim for attorney fees and costs from GEICO

Colony, on behalf of Mr. Gutierrez, seeks to recover a portion of the costs it expended in defending Mr. Gutierrez. GEICO asserts that the allegations of the Mintons' petition unambiguously excluded coverage under its policy because Mr. Gutierrez was driving an automobile being repaired by his employer, Super Tech. This argument ignores the fact that our supreme court held the policy exclusion GEICO relies on unenforceable prior to the June accident. *Sensebe v. Canal Indem. Co.*, 10-703 (La. 1/28/11), 58 So.3d 441. GEICO's argument also ignores that an insurer's obligation to its insured includes the duty to defend and that the duty to defend is broader in scope than the duty to provide coverage for claims. *Steptore v. Masco Const. Co., Inc.* 93-2064 (La. 8/18/94), 643 So.2d 1213.

The defendants cite *Lafauci v. Jenkins*, 01-2960 (La.App. 1 Cir. 1/15/03), 844 So.2d 19, *writ denied*, 03-498 (La. 4/25/03), 842 So.2d 403, in support of this claim. In *Lafauci*, the defendant insurer deposited its policy limits in the registry of the court in lieu of making an official tender of its policy limits to the plaintiff. The insurer did not file an answer on behalf of its insured and refused to defend its insured. The insured was forced to hire an attorney to defend him in the litigation.

13

The trial court awarded the insured the expenses and attorney fees he was forced to incur.

There is no evidence that Mr. Gutierrez incurred any expenses or attorney fees as a result of GEICO's failure to defend him because Colony was also obligated to defend him and did so. GEICO argues that Colony seeks to recover a portion of the expenses it incurred in its defense of Mr. Gutierrez. In this regard, Colony has not established that it has standing to recover such damages. Moreover, the record does not contain any evidence of damages resulting to either Mr. Gutierrez or expenses incurred by Colony resulting from GEICO's failure to defend Mr. Gutierrez. At the hearing on Colony's motion, the trial court asked counsel for Colony what damages he sought to recover. Counsel responded "$3,000-$5,000." The trial court properly noted that such evidence was insufficient to establish the claim.

Colony did not attempt to introduce any evidence supporting its claim at that hearing but asks this court to remand the matter for another hearing before the trial court. Pursuant to La.Code Civ.P. art 2164, appellate courts have the authority to remand a case for the introduction of additional evidence if its failure to do so would result in a grave injustice. No evidence establishes that Mr. Gutierrez sustained damages as a result of GEICO's breach of its duty to defend, and Colony has not established that it has standing to recover the damages sought. Accordingly, there is no basis for the award sought and no need to remand the matter. This assignment of error lacks merit.

## DISPOSITION

For the reasons set forth herein, the judgment of the trial court granting the motion for judgment notwithstanding the verdict in favor of Dwight and Betty

14

Minton is affirmed. The trial court's awards for Dwight Minton's past and future medical expenses are affirmed; however, the trial court's general damage awards for loss of enjoyment of life, past pain and suffering, future pain and suffering, and disability are reduced to loss of enjoyment of life $75,000.00, past pain and suffering $50,000.00, and future pain and suffering $50,000.00. The trial court's $25,000.00 award for loss of consortium damages in favor of Betty Minton is affirmed. All costs are assessed to Christopher Gutierrez, Super Tech Automotive, LLC, and Colony Insurance Company.

**AMENDED AND AFFIRMED AS AMENDED.**