**MICHAEL PARATORE**     \*     **NO. 2020-CA-0420**

**VERSUS**     \*

    **COURT OF APPEAL**

**DOROTHY M. STANICH AND**     \*
**GEICO GENERAL**     **FOURTH CIRCUIT**
**INSURANCE COMPANY**     \*

    **STATE OF LOUISIANA**

**\* \* \* \* \* \* \***

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2015-01857, DIVISION "L"
Honorable Kern A. Reese, Judge
\* \* \* \* \* \*
**Judge Roland L. Belsome**
\* \* \* \* \* \*
(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Joy
Cossich Lobrano)

Frank G. DeSalvo
Shannon R. Bourgeois
FRANK G. DeSALVO, APLC
739 Baronne Street
New Orleans, LA 70113


    COUNSEL FOR PLAINTIFF/APPELLEE


Richard S. Bouckaert
AROSTEGUI AND MCCLURE
3510 N. Causeway Blvd., Suite 608
Metairie, LA 70002


    COUNSEL FOR DEFENDANTS/APPELLANTS


         **AFFIRMED**


         **JANUARY 13, 2021**

RLB
DLD
JCL

This appeal challenges a judgment awarding damages to Michael Paratore, a pedestrian, who was struck by a vehicle driven by Dorothy Stanich. For the reasons that follow, we affirm the trial court's judgment.

On July 1, 2014, Michael Paratore and his daughter, Lucy Paratore, were in the process of crossing Magazine Street at the intersection of Valmont Street in New Orleans. At that time, a vehicle driven by Dorothy Stanich entered the intersection and struck Mr. Paratore. Mr. Paratore was propelled onto the hood of the vehicle. Then, when Ms. Stanich braked, Mr. Paratore was thrown to the ground.

Following the incident, Mr. Paratore sought medical treatment in New Orleans. Once he returned home to Texas, he followed up with his treating physician. Later, on February 27, 2015, Mr. Paratore filed a Petition for Damages against Ms. Stanich and her insurer Geico General Insurance Company (collectively "the Appellants"). The matter proceeded to a bench trial on November 12, 2019. The trial court rendered Judgment on May 19, 2020, awarding Mr. Paratore $30,000.00 (thirty thousand dollars) in general damages and $11,218.00 (eleven thousand two hundred eighteen dollars) in special damages

1

together with judicial interest from date of demand and costs. This appeal followed.

On appeal, the Appellants set forth two assignments of error for our review. First, the Appellants argue that the trial court was manifestly erroneous when it found that the incident in question caused Mr. Paratore's injuries. In the alternative, the Appellants challenge the award of general damages as excessive.

## *Causation*

At trial, Mr. Paratore was required to prove by a preponderance of the evidence that his injuries were more probable than not caused by the July 1, 2014 accident. *Williams v. Stewart*, 10-0457, p. 6 (La.App. 4 Cir. 9/22/10), 46 So.3d 266, 271. When, as in this case, a plaintiff has a pre-existing condition, he still must establish a causal connection between the accident and any aggravation of that pre-existing condition. *Williams*, 10-0457 at p. 7, 46 So.3d at 272. Causation is a question of fact and therefore subject to review under the manifest error standard. *Green v. K–Mart Corp.*, 03–2495, p. 3 (La. 5/25/04), 874 So.2d 838, 841. As the trier of fact, the trial court's factual findings and credibility determinations will not be disturbed on appeal absent a finding of manifest error. *See Gardner Realtors, LLC v. Iteld*, 16-0415, p. 9 (La.App. 4 Cir. 3/22/17), 214 So.3d 146, 152.

Here, the evidence presented at trial consisted of testimony from Lucy Paratore, Michael Paratore, and Dorothy Stanich. The trial court was also presented with the deposition testimony of Mr. Paratore's treating hematologist, Dr. Beth Hellerstedt, and medical records and bills related to his treatment after the July 1, 2014 accident.

Both Mr. Paratore and his daughter, Lucy, gave consistent statements pertaining to the accident. Basically, after looking to their left and right, with no cars in sight, they proceeded to cross Magazine Street. Ms. Stanich's vehicle approached them suddenly causing Mr. Paratore to push Lucy out of the way as she ran to avoid being hit. Mr. Paratore was hit on the left side of his body and landed on the hood of Ms. Stanich's vehicle and then proceeded to fall to the ground. After confronting Ms. Standich about her carelessness, Mr. Paratore took pictures of her vehicle and insurance information.

Later, Mr. Paratore, accompanied by his daughter, was seen at Ocshner Hospital's main campus emergency room. Because Mr. Paratore suffers from a blood disorder that makes him susceptible to blood clots and he takes prescribed blood thinners to control his deep vein thrombosis, he requested an ultrasound be performed. The attending medical staff did not find an ultrasound necessary and Mr. Paratore was examined and released. Still concerned for his health, he went to Ochsner Baptist's emergency room where an ultrasound was performed on his lower extremities. The ultrasound indicated he had blood clots in his left leg.

Once he returned to his home in Texas, he followed up with Dr. Hellerstedt, and another ultrasound was performed. That ultrasound indicated that the blood clots had dissolved. When Dr. Hellerstedt was deposed she stated that trauma could cause blood clots to form in a patient with Mr. Paratore's blood condition. Her testimony did not state with certainty that the July 1, 2014 accident caused the blood clots in Mr. Paratore's left leg; rather she stated that it was a possibility.

Taking into account the evidence presented at trial, the trial court found that Mr. Paratore established a causal connection between the July 1, 2014 accident and the aggravation of his pre-existing DVT condition. As a Court of review, we do

3

not reweigh the evidence but simply determine if the record supports the trial court's findings. *Rosell v. ESCO*, 549 So.2d 840, 844. In this case, we find the trial court's factual findings regarding causation are supported by the record.

## *Damages*

Next, the Appellants maintain that the trial court erred in its award of general damages. When considering the appropriateness of an award for general damages, this Court reviews the trial court's exercise of discretion. *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1260 (La. 1993) (citing *Reck v. Stevens*, 373 So.2d 498 (La. 1979)). Therefore, a general damages award will only be disturbed on appeal if "the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances." *Id.* at 1261.

In this case, the trial court awarded $20,000 (twenty thousand dollars) for past, present, and future pain and suffering along with $10,000 (ten thousand dollars) for past, present, and future mental anguish and distress. The evidence presented to the trial court indicated that in January of 2014, just months before the July 2014 accident, Mr. Paratore was hospitalized and diagnosed with a pulmonary embolism and deep vein thrombosis (DVT) in his right leg. Mr. Paratore was informed he had a blood disorder that causes him to be a heightened risk for blood clots. He was placed on prescription blood thinners to help control the condition.

Following this accident, Mr. Paratore sought medical attention for his injuries, which included shoulder, arm, back, hip, and leg pain. An ultrasound revealed he had DVT in his left leg. That finding caused him to have an additional ultrasound and follow-up with his hematologist in Texas. In all, Mr. Paratore incurred more than $11,000 (eleven thousand dollars) of medical treatment related

4

to the injuries he sustained in the July 1, 2014 accident. He also testified that his injuries required him to take it easy for approximately two months. In addition to the pain, related testing, and doctors' visits, the accident caused him to suffer extreme anxiety given his ongoing DVT issues and the seriousness of potential complications related to the condition.

Assessing the trial court's award of general damages under the circumstances of this particular case, we find no abuse of discretion.

## *Conclusion*

For the reasons discussed, the trial court's judgment is affirmed.

**AFFIRMED**