775 So.2d 1064 (2000)
The ESTATE OF Doris Hughes ADAMS
v.
HOME HEALTH CARE OF LOUISIANA, et al.
No. 00-C-2494.
Supreme Court of Louisiana.
December 15, 2000.
PER CURIAM.
In this medical malpractice action, defendant Home Health Care of Louisiana (HH) moved for summary judgment on the issue of causation and damages. For purposes of the motion, HH admitted its negligence in failing to properly care for plaintiff at home after an extensive period of hospitalization and failing to call the attending doctor when the condition worsened, but defended on the basis of expert evidence that plaintiffs foot would have had to be amputated irrespective of that negligence. HH asserted that the only two experts (registered nurses) on plaintiffs witness list were not qualified to testify regarding the causal relationship between the negligence and the amputation.
The trial court granted HH's motion, and the court of appeal affirmed. 99-1263 (La.App. 5 Cir. 7/25/00), 767 So.2d 855.
Causation is an issue of fact that is generally decided at the trial on the merits. As the dissenting judge on the intermediate court noted, the admitted negligence clearly caused some damages, *1065 even if it merely hastened the amputation by one day. Plaintiff's damages for pain and suffering during the period of negligence, for aggravation of her medical condition, and for loss of any chance of saving her foot or of delaying the amputation is more appropriately decided by trial on the merits, even if plaintiff's case regarding the amount of damages is considerably weakened by the dearth of expert testimony.
Accordingly, the application is granted, the judgment of the court of appeal is set aside, and the case is remanded for further proceedings.
VICTORY and TRAYLOR, JJ., vote to deny the application.