# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

JOHN W. TEW, II

VERSUS

UNITED SERVICES AUTOMOBILE
ASSOCIATION, TIMOTHY ANDRIES AND
GEICO GENERAL INSURANCE COMPANY

CONSOLIDATED WITH

JOHN W. TEW, II

VERSUS

GOAUTO INSURANCE COMPANY AND
EARL V. HUTTON

**SEPTEMBER 23, 2021**

---

In Re:    United Services Automobile Association, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 656812 c/w 657425.

---

**BEFORE:    GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.**

**WRIT GRANTED IN PART; WRIT DENIED IN PART.** We find that the trial court abused its discretion by granting a motion in limine to exclude evidence of plaintiff's other injuries – including torn biceps, mallet finger, and carpal tunnel syndrome. We find the probative value of such evidence as to the claims for general damages and loss of earning capacity outweighs the danger of unfair prejudice. While we may agree with Judge Guidry's analysis, we decline to exercise our supervisory jurisdiction as to all other issues as the criteria set forth in **Herlitz Construction Co., Inc. v. Hotel Investors of New Iberia, Inc.**, 396 So.2d 878 (La. 1981) (per curiam) are not met. However, the granting of a "partial, partial" summary judgment on the issue of medical causation of the plaintiff's herniation at the C5-6 level may lead to jury confusion and perhaps unintended consequences since the issue of medical causation of the plaintiff's other injuries, future medical treatment, and general and special damages may necessarily have to be decided by the jury in a bifurcated manner.

**GH**
**WRC**

**Guidry, J.**, dissents in part and concurs in part. I would reverse the trial court's ruling granting partial summary judgment on medical causation of plaintiff's C5-6 herniation. Most, if not all, of the physicians testified that their causation opinions were based on the subjective complaints and history provided by plaintiff. The physicians' causation opinions are only as reliable as the patient history on which it was based. The medical opinions, therefore, are tied to the credibility of plaintiff. Causation is an issue of fact that is generally decided at the trial on the merits. **Estate of Adams v. Home Health Care of La.**, 2000-2494 (La. 12/15/00), 775 So.2d 1064. Because the medical opinions rely on the truthfulness of

# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

plaintiff's subjective complaints and history, a causation determination necessarily invokes a credibility assessment, which is not appropriate on summary judgment. A trial court cannot make credibility decisions on a motion for summary judgment. **Hutchinson v. Knights of Columbus, Council No. 5747**, 2003-1533 (La.2/20/04), 866 So.2d 228, 234; **Monterrey Center, LLC v. Education Partners, Inc.**, 2008-0734 (La. App. 1st Cir. 12/23/08), 5 So.3d 225. For the foregoing reasons, I dissent. In all other respects, I concur with the majority.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT