BETTY SUE DEAKLES

VERSUS

SOUTHEAST LOUISIANA VETERANS HOME

NO. 24-C-517

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE FORTIETH
JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 77,849, DIVISION "B"
HONORABLE NGHANA LEWIS, JUDGE PRESIDING

February 26, 2025

**TIMOTHY S. MARCEL**
**JUDGE**

Panel composed of Judges Stephen J. Windhorst,
John J. Molaison, Jr., and Timothy S. Marcel

**WRIT DENIED**
    **TSM**
    **SJW**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RESPONDENT,
BETTY SUE DEAKLES
    Donald C. Hodge, Jr.

COUNSEL FOR DEFENDANT/RELATOR,
SOUTHEAST LOUISIANA VETERANS HOME
    Elizabeth B. Murrill
    Dennis J. Phayer
    Gregory C. Fahrenholt

**MARCEL, J.**

In this case arising from alleged medical malpractice, defendant Southeast Louisiana Veterans Home ("SLVH") seeks supervisory review of a judgment of the trial court denying its partial motion for summary judgment.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, Betty Sue Deakles, the surviving spouse of Mr. Ras Eugene Deakles, on April 26, 2022 filed a petition for damages for the alleged wrongful death of her husband against defendant SLVH. Mr. Deakles was a resident of SLVH for approximately five years until his death on April 4, 2020. In her petition, Mrs. Deakles alleges that, at the outbreak of the COVID-19 pandemic in March of 2020, SLVH violated directives of the Centers for Medicare and Medicaid, the Louisiana Department of Health, and the Governor's Office, by continuing to hold communal activities within its facility.

Mr. Deakles was diagnosed with a suspected case of COVID-19, but was allowed by SLVH staff to continue participating in communal dining activities. He died thirty six hours later. Mrs. Deakles' petition alleges that Mr. Deakles died as a result of COVID-19, and states that the gross negligence of SLVH in failing to carry out proper social distancing protocols as well as official government directives ultimately caused Mr. Deakles to die from COVID-19.

Mrs. Deakles included with her petition a copy of the opinion of the Medical Review Panel rendered January 24, 2022. According that opinion, the panel found that SLVH failed to comply with the appropriate standard of care as charged in the complaint. However, as to whether the standard of care breach caused Mr. Deakles death, the opinion states, "the panel is unable to answer whether the conduct complained of was or was not a factor of the resultant damages." They went on to state, "[t]he panel is unable to answer whether or not the breaches were or were not a factor in the resultant damages as the panel is unclear of the patient's cause of death." The opinion also states that the panel felt that SLVH's breaches of the standard of care represented "gross negligence."

In its first set of discovery requests to plaintiff, defendant requested that plaintiff identify an expert witnesses who may provide an opinion that a causal connection exists between the alleged breaches of the standard of care by SLVH and the resulting injury to Mr. Deakles or to produce any affidavit or expert report on the causal connection between the breach of the standard of care and Mr. Deakles' death. In her discovery responses, plaintiff named Dr. James Tebbe, Dr. J. Kevin Russ, and Dr. A. Brent Alper, Jr., who were the Medical Review

panelists, as witnesses and their January 24, 2022 Opinion and Reasons as their report. Plaintiff pointed to the opinion of the medical review panel and also argued that expert testimony is not required on the matter of causation in this instance because the breaches of the standard of care in continuing to hold communal activities would, even to a layperson, obviously cause the spread of COVID-19 at the SLVH facility which killed Mr. Deakles. According to plaintiff, "defendant's assertion that causation requires expert testimony ignores that the relationship between communal activities and the spread of COVID-19 is a matter of common knowledge and logical inference."

SLVH filed a motion for summary judgment wherein it argued that plaintiff has failed to provide proper evidence of causation. In support of its motion, SLVH argued that expert medical testimony is required for plaintiff to meet its evidentiary burden at trial of proving causation. SLVH points out the Opinion and Reasons of the Medical Review Panel does not find plaintiff's injuries were caused by its breach of the standard of care. In response, plaintiff argued that the evidence of the medical review panel is sufficient to create a genuine issue of material fact and that no expert medical testimony is necessary because causation can be inferred by a lay person.

Following a hearing on the motion, the trial court found that the question of causation remains a disputed genuine issue of material fact and denied defendant's motion. SLVH seeks supervisory review of this judgment and requests this court to reverse the decision of the trial court. This matter was set for oral argument pursuant to La. C.C.P. art. 966(H).

## DISCUSSION

Appellate courts review summary judgments *de novo* using the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *O'Krepki v. O'Krepki*, 16-50, p. 5 (La. App. 5 Cir. 05/26/16), 193 So.3d 574, 577. A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is not genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. *Semco, LLC v. Grand Ltd.*, 16-342, p. 38 (La. App. 5 Cir. 05/31/17), 221 So. 3d 1004, 1032 (citing *Oubre v. Louisiana Citizens Fair Plan*, 11-0097, pp. 20-21 (La. 12/16/11), 79 So.3d 987, 1002-03).

The burden of proof rests with the mover. La. C.C.P. art. 966(D). Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on

the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. *Id.* Where the motion for summary judgment meets that threshold, the burden shifts to the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id.* At the summary judgment stage, the court must draw those inferences from the undisputed facts which are most favorable to the party opposing the motion. *Islam v. Walmart, Inc.*, 21-629, p. 10 (La. App. 5 Cir. 6/8/22), 343 So.3d 883, 891, *writ denied*, 22-01053 (La. 10/12/22), 348 So.3d 70 (citing *Indep. Fire Ins. Co. v. Sunbeam Corp.*, 1999-2181 (La. 2/29/00), 755 So.2d 226, 236).

In their motion for partial summary judgment, SLVH argues that expert medical testimony is required for plaintiff to satisfy its evidentiary burden of proving its actions caused Mr. Deakles' death. In support of the motion, defendant included the following evidence: plaintiff's petition for damages; a copy of the Governor's COVID-19 Public Health Emergency Proclamation (No. 25 JBE 2020); copies of various updates and changes to SLVH standard operating procedures, visitation and leave policies, and COVID-19 testing policies from March of 2020, including copies of letters sent to family members of residents detailing the policies; excerpts of a deposition of Mr. Brian Fremin, the administrator of SLVH, discussing congregate gatherings at the facility following March 13, 2020; a few pages of medical records from SLVH including physician's order sheets from 2015 and 2017 and some notes from nursing staff from March 25 to April 4, 2020; a copy of the opinion of the medical review panel, with reasons; interrogatories and requests for production wherein SLVH requests identification of expert witness to provide opinion on causal connection between SLVH's alleged breaches of the standard of care and Mr. Deakles' death; plaintiff's responses wherein she identifies the doctors of the medical review panel as expert witnesses and points to the opinion of the review panel as evidence of the causal connection.

Plaintiff filed an opposition to the motion, to which she attached as evidence: letters from the Louisiana Department of Health to all nursing home providers regarding guidance for infection control and prevention of COVID-19; a memorandum from Center for Medicare & Medicaid Services to state agency directors detailing guidance for infection control and prevention of coronavirus disease 2019 (COVID-19) in nursing homes; and the entire deposition of Mr. Fremin.

To establish a claim for medical malpractice, a plaintiff must prove, by a preponderance of the evidence: (1) the standard of care applicable to the defendant; (2) that the defendant breached that standard of care; and (3) that there was a causal connection between the breach and resulting injury. La. R.S. 9:2794; *Moss*

*v. Stokes*, 21-40, p. 2 (La. App. 5 Cir. 10/20/21), 329 So.3d 1100, 1103, *writ denied*, 21-01740 (La. 1/26/22), 332 So.3d 83. Satisfaction of the third element – a causal connection between the breach and resulting injury – requires the plaintiff to prove by a preponderance of the evidence that substandard care was a cause of the injury. *Cahanin v. Louisiana Med. Mut. Ins. Co.*, 17-284, p. 6 (La. App. 5 Cir. 12/20/17), 235 So.3d 1250, 1256, *writ denied*, 2018-0129 (La. 3/9/18), 238 So.3d 451. Expert medical testimony it not always necessary in order for a plaintiff to meet her burden of proof in establishing a medical malpractice claim. *Pfiffner v. Correa*, 94-0924, p. 9 (La. 10/17/94), 643 So.2d 1228, 1234.[1] There are instances in which the medical and factual issues are such that a lay jury can perceive negligence in the medical provider's alleged conduct as well as any expert can. *Id.*

Causation is a question of fact generally decided at the trial on the merits. *Estate of Adams v. Home Healthcare of Louisiana*, 00-2494 (La. 12/15/00), 775 So.2d 1064; *Breaux v. Ochsner Clinic, LLC*, 23-62 (La. App. 4 Cir. 9/29/23), 382 So.3d 889, *writ denied*, 23-01436 (La. 1/10/24), 376 So.3d 847. There can be more than one cause-in-fact of an accident as long as each cause bears a proximate relation to the harm that occurs and it is substantial in nature. *Vodanovich v. A.P. Green Indus.*, Inc., 03-1079, p. 3 (La. App. 4 Cir. 3/3/04), 869 So.2d 930, 932; *Lucas v. Hopeman Bros., Inc.*, 10-1037, p. 14 (La. App. 4 Cir. 2/16/11), 60 So.3d 690, 700. A plaintiff seeking to recover under a theory of negligence must prove that the negligent act complained of was the cause-in-fact of the injury. *Id.* With regard to medical malpractice specifically, once a breach of duty constituting malpractice is established, the question of whether the malpractice contributed to the damage is a question of fact for the jury. *Hastings v. Baton Rouge Gen. Hosp.*, 498 So.2d 713, 720 (La. 1986). It is incumbent upon a plaintiff to prove that defendant's conduct increased the risk of a patient's harm such that it was a substantial factor in causing the result, but that conduct need not be the only cause of the injury. *Id.*

Concerning plaintiff's offer of the medical review panel opinion as evidence of defendant's "gross negligence," we note the following: the Louisiana Supreme Court has recently stated that while the determination of whether there has been a breach in the standard of care by the medical provider is within the purview of the medical review panel, but the degree of that breach, i.e., gross negligence, is a judicial determination by the trier of fact. *Sebble on Behalf of Estate of Brown v. St. Luke's #2, LLC*, 23-00483, p. 10 (La. 10/20/23), 379 So.3d 615, 622, *reh'g denied*, 23-00483 (La. 12/7/23), 374 So.3d 138; *see also* La. R.S. 29:771(c)(i) ("During a state of public health emergency, no health care provider shall be civilly liable for causing the death of, or injury to, any person or damage to any property except in the event of gross negligence or willful misconduct.") In light

---

[1] *See also In re Med. Review Panel of Gerard Lindquist*, 18-444 (La. App. 5 Cir. 5/23/19), 274 So.3d 750, 756, *writ denied*, 19-01034 (La. 10/1/19), 280 So.3d 165.

of this holding of the Supreme Court, on *de novo* review, we offer no weight to the medical review panel's finding of "gross negligence."

Nevertheless, we are not persuaded that defendant had met their burden of showing an absence of factual support for the essential element of plaintiff's claims. In support of their claim that expert medical testimony will be necessary in order to prove causation, defendant argues that Mr. Deakles had a "complex" medical history with multiple diagnosed illnesses that may have also contributed to or caused his death. The only evidence submitted in support of the motion that directly address this argument are a few pages of physician's order sheets from 2015 and 2017 which included orders for treatment relating to conditions both temporary (protein deficiency and infections) and long-term (hypertension and diabetes). The state of Mr. Deakles health at the time of the alleged breaches of conduct by SLVH is not clear from that evidence. Further, no evidence was presented by mover to establish that Mr. Deakles' medical history was so "complex" that only an expert with medical training could ascertain whether SLVH's alleged negligence was a cause-in-fact of his death.

The record presented on defendant's motion for summary judgment includes plaintiff's discovery responses, which contain the names of three physicians which plaintiff intends to call as expert witnesses at trial. Their Opinion and Reasons as medical review panelists cited the lack of evidence as to Mr. Deakles cause of death in the medical review proceeding as the reason an opinion on causation could not be given at that time. At trial, additional evidence may be presented which will allow the named physician witnesses to express an opinion whether the defendant's conduct was a cause-in-fact of Mr. Deakles death. In other words, the witness's inability to express an opinion on the issue as medical review panelists will not preclude them from offering expert testimony on the subject at trial.

On *de novo* review and on the showing made, we find there remain genuine issues of material fact that preclude granting defendant's partial motion for summary judgment. This writ is denied.

**WRIT DENIED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**FEBRUARY 26, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-C-517**

**E-NOTIFIED**
40TH DISTRICT COURT (CLERK)
HONORABLE NGHANA LEWIS (DISTRICT JUDGE)
DONALD C. HODGE, JR. (RESPONDENT)　　　DENNIS J. PHAYER (RELATOR)　　　ELIZABETH B. MURRILL (RELATOR)
GREGORY C. FAHRENHOLT (RELATOR)

**MAILED**
NO ATTORNEYS WERE MAILED